UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRANSIENT PATH, LLC

     Plaintiff,

  v.

STONES SOUTH BAY CORP., KING'S CASINO
MANAGEMENT CORP., and ELEVATION
ENTERTAINMENT GROUP,

     Defendants.

Case No.:  1:23-cv-05628 (LAP)

# DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

Mario Aieta
Ariel Seidner
DUANE MORRIS LLP
230 Park Avenue, Suite 1130
New York, NY 10169
(212) 404-8755
MAieta@duanemorris.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

FACTS ...............................................................................................................................2

ARGUMENT ...................................................................................................................6

The Complaint Must Be Dismissed for Lack of Personal Jurisdiction............................................6

    1.    The Defendants Are Not Subject to General Jurisdiction.......................... 7

    2.    Seven Mile and Stones Gambling Are Not Subject to Specific Jurisdiction in New York Based on Consent................................................................. 8

    3.    There Is No Other Basis for Exercising Specific Jurisdiction Over Seven Mile and Stones Gambling........................................................................ 11

    4.    Elevation Is Not Subject to Specific Jurisdiction or Venue In New York 15

CONCLUSION....................................................................................................................16

DM1\14482513.9

<u>**TABLE OF AUTHORITIES**</u>

**Federal Cases**

*Adwar Casting Co., Ltd. v. Star Gems Inc.*, 342 F.Supp.3d 297 (2018)........................................14

*Brown v. Lockheed Martin Corp.*, 814 F.3d 619 (2d Cir. 2016) .....................................................7

*C.B.C. Wood Products, Inc. v. LMD Integrated Logistics Services, Inc.*, 455
    F.Supp.2d 218 (E.D.N.Y. 2006) ...............................................................................................12

*Cargo On Demand, Inc. v. Polar Air Cargo Worldwide, Inc.*, 2023 WL 4472167
    (S.D.N.Y. 2023)...........................................................................................................................2

*Daval Steel Prod., a Div. of Francosteel Corp. v. M.V. Juraj Dalmatinac*, 718 F.
    Supp. 159 (S.D.N.Y. 1989).......................................................................................................16

*Effects Associates, Inc. v. Cohen*, 908 F. 2d 555 (9th Cir.1990) .....................................................9

*Fourth Estate Public Benefit Corp. v. Wall-Street.com*, 586 U.S. ___ (2019)...............................2

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct.
    2846, 180 L. Ed. 2d 796 (2011) .................................................................................................7

*Harrington v. Crater*, 2017 WL 4621618 (E.D.N.Y. 2017)..........................................................10

*Imax Corp. v. Cinema Technologies, Inc.*, 152 F. 3d 1161 9th Cir. 1998 .......................................2

*Int'l Customs Assocs., Inc. v. Ford Motor Co.*, 893 F.Supp. 1251 (S.D.N.Y.1995),
    aff'd, 307 Fed. App'x 479 (2d Cir.2008)..................................................................................12

*Law Debenture Trust Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458
    (2010)........................................................................................................................................10

*Mastercraft Decorators, Inc. v. Orlando*, 356 F.Supp.3d 259 (2018)...........................................14

*Mayes v. Leipziger*, 674 F.2d 178 (2nd Cir. 1982) ........................................................................13

*Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246 (S.D.N.Y. 2003) ..........................................6

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996) ...............................6-7

*Mil-Ray v. EVP International, LLC*, 2021 WL 2903224 (D. Oregon 2021) .................................11

*O'Connell v. Liberty Mut. Fire Ins. Co.*, 43 F. Supp. 3d 1093 (D. Mont. 2014).........................10

*Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89 (2d Cir. 2012)..................................................10

*Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2007)........................................................................11

DM1\14482513.9

*Pictometry International Corp. v. Air America Flight Center, LLC*, 394 F.Supp.3d 320 (W.D.N.Y. 2019) ........................................................................................14

*Pincione v. D'Alfonso*, 506 Fed.Appx. 22 (2nd Cir. 2012) ........................................14

*Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091 (2d Cir. 1993) ...........................................................................................10

*Skrodzki v. Marcello*, 810 F.Supp.2d 501 (2011) .......................................................12

*In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659 (2d Cir. 2013)........................6

*TGG Ultimate Holdings, Inc. v. Hollett*, 224 F.Supp.3d 275 (2016)..........................10

*Troma Entm't Inc. Centennial Pictures Inc.*, 729 F.3d 215 (2d Cir. 2013) ........... 13-14

*Xiao Wei Yang Catering Linkage in Inner Mongolia Co., Ltd. v. Inner Mongolia Xiao Wei Yang Usa, Inc.*, 150 F.Supp.3d 71 (D. Mass. 2015)................................11

## State Cases

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 565 N.E.2d 488 (NY 1990)..............................................................................7

*Moreau v. RPM, Inc.*, 20 A.D.3d 456, 799 N.Y.S.2d 113 (2005) ...............................15

*Ray v. Alad Corp.*, 19 Cal.3d 22 (1977).......................................................................9

## Federal Statutes

Clayton Act's, 15 U.S.C. § 22 ......................................................................................15

Corrupt Organizations Act, 18 U.S.C. § 1965(a)................................................... 14-15

## Rules

CPLR § 301...................................................................................................................7

CPLR § 301(a)(3) ........................................................................................................16

CPLR § 302(a) ....................................................................................................... 13-14

CPLR § 302(a)(1) .................................................................................................. 12-13

CPLR § 302(a)(3) ........................................................................................................13

Fed. R. Civ. P. 12(b)(2)..............................................................................................1, 6

iii

## PRELIMINARY STATEMENT

Defendants, Stones South Bay Corp. dba Seven Mile Casino ("Seven Mile"), King's Casino Management Corp. dba Stones Gambling Hall ("Stones Gambling"), and Elevation Entertainment Group ("Elevation") submit this Memorandum of Law in support of their Motion to Dismiss the Complaint of Plaintiff Transient Path, LLC ("Transient Path") pursuant to Fed. R. Civ. P. 12(b)(2).

Transient Path alleges claims of breach of contract, trade secret misappropriation, copyright infringement, and RICO violations against Elevation, Seven Mile, and Stones Gambling. Transient Path is a Wyoming corporation, but makes no allegation as to its principal place of business. Elevation, Seven Mile, and Stones Gambling are all California corporations, doing business in California, and the entire relationship with Transient Path occurred in California. The Defendants conduct no business in the State of New York, nor do they have connections to New York that could justify the exercise of personal jurisdiction over them. Further, they have not consented to jurisdiction in New York and they are not subject to personal jurisdiction under New York's long-arm statute. Therefore, the Complaint must be dismissed because this Court lacks personal jurisdiction over the Defendants.

Assuming, arguendo, the Plaintiff could establish that the Court had personal jurisdiction, the Complaint still fails to state any claims upon which relief can be granted. There is no contractual relationship between Elevation and Transient Path. Further, Transient Path's Complaint fails to set forth any facts to support the alleged claims for copyright infringement, trade secret misappropriation, and civil RICO violations against any of the Defendants.

Defendants respectfully request this Court dismiss the case in its entirety.[1]

## FACTS

Plaintiff Transient Path is a Wyoming corporation that licenses software under the brand name Cobblestone. Compl. ¶¶ 1, 13.  The Cobblestone software was licensed to Stones Gambling in 2014, and to VC Cardroom, Inc., in 2015. *See* Compl. ¶ 17, Doc. 1-1, Doc. 1-2 (collectively the 2014 and 2015 license agreements are referred to herein as the "License Agreements"). Seven Mile acquired the assets of VC Cardroom, Inc. in 2017. Declaration of Masis A. Kevorkian dated Sept. 15, 2023 ("Kevorkian Dec.") at ¶ 6. Elevation is the parent company of Seven Mile and Stones Gambling. *Id*. at ¶ 4. The Complaint does not allege that Elevation is a licensee of the Cobblestone software and, in fact, it is not.   *Id*. at ¶ 13.

In 2014, Transient Path licensed to Stones Gambling a "Casino Card Room Management system" that makes use of "RFID products." Compl. Doc 1-1 at p. 15 of 24.  With respect to the location of the software, the 2014 license agreement states "Software [to be installed] on either a single Local or Wide Area Network that you own or lease at the Designated Location…." to use "in the Territory set forth in the Appendix."  Case Doc 1-1 at ¶ 2.[2]  The "Designated Location" is

---

[1] While the instant motion is based on lack of personal jurisdiction over the Defendants, Transient Path's Complaint also fails to state a claim for theft of trade secrets (*see Imax Corp. v. Cinema Technologies, Inc.*, 152 F. 3d 1161 9th Cir. 1998) (plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge"), for copyright infringement (*Fourth Estate Public Benefit Corp. v. Wall-Street.com*, 586 U.S. ___ (2019)(plaintiff cannot sue for infringement of an unregistered work), and for civil RICO. *Cargo On Demand, Inc. v. Polar Air Cargo Worldwide, Inc.*, 2023 WL 4472167 (S.D.N.Y. 2023)(RICO enterprise cannot be alleged against a corporate defendant associated with its own employees, agents and subsidiaries). Should the Court retain jurisdiction over this case Defendants will promptly move for judgment on the pleadings.

[2] Although "Software" is capitalized throughout the license agreement as if it were a defined term, it is never defined in the agreement.

2

a single, physical location in Citrus Heights, California.  Compl. Doc. 1-1 at ⁋ 1. Although there is no definition for "Territory", the Appendix references Stones Gambling and its predecessor Lucky Derby, as well as "on site training", which all refer back to Stones Gambling's location in Citrus Heights, California. *Id*. at pp. 15-26.  The 2014 license agreement further describes that the software is accessible through "existing PCs at Lucky Derby" to access the software through "the Chrome browser".  *Id*. at p. 16. There is no mention of mobile applications in any part of the 2014 License Agreement.  *See generally* Compl. Doc. 1-1.

In 2015, Transient Path entered into essentially the same license agreement with VC Cardroom, Inc.. In the 2015 license the "Licensee Designated Location" is in Chula Vista, California. Like the agreement with Stones Gambling, the 2015 license agreement articulates that the instillation, implementation, and training for the hardware and software will occur at the "Designated Location." Compl. Doc. 1-2, pp. 1, 4, ⁋ 8, pp. 16-24.  The 2015 license makes no reference to mobile applications. Compl. Doc. 1-2 *in passim*.

Seven Mile acquired the assets of VC Cardroom, Inc., in 2017 and agreed to license the Cobblestone software then being used by VC Cardroom, Inc. from Transient Path in exchange for the same license fee that VC Cardroom, Inc. paid.  Kevorkian Dec. ⁋ 8. The Complaint does not specifically allege that there is any written license agreement between Transient Path and Seven Mile, nor does it attach any documents to establish a written agreement.

The Complaint alleges that "one of the computer programs provided by Transient Path to defendants was the computer program protected by the Mobile Application Copyright Registration." Compl. ⁋ 18. The referenced copyright registration, No. TXu 2-373-908, which is not attached to the Complaint, describes the copyrighted work as an "Electronic file (eService)" entitled "Casino Mobile Application". Declaration of Ariel Seidner dated September 15, 2023, ⁋

2 and Ex. A. Interestingly, the copyright registration declares the "Date of Creation" of the work is "2022." *Id.* In spite of the fact that the copyrighted work was created in 2022, the Complaint alleges that Defendants were able to copy that work because they "had been using Transient Path's software for over eight years and therefore had access Transient Path source code, structure, architecture, databases, interface, format, organization, functions, materials, and methodologies." Compl. ¶ 31.

The Complaint alleges that in April 2023 Seven Mile "launched" applications for Android and Apple mobile devices that copied Transient Path's mobile applications and that in May 2023, Stones Gambling did the same. Compl. ¶ 22. The Complaint contains no facts about the features or interfaces of the applications nor does it specify any similarities between the copyrighted mobile application and the mobile applications launched by Seven Mile and Stones Gambling. The Complaint merely concludes "there is a substantial similarity" between the registered work and the allegedly infringing works. The Complaint also alleges, without specificity, that:

> Review of the content of the downloaded mobile applications referenced in Paragraph 22 reveals the existence of assets utilized in Transient Path's mobile application but not publicly utilized in Defendants' replacement applications, indicating that Defendants copied and thereafter modified Transient Path's property and trade secrets.

Compl. ¶ 30. The Complaint does not include even one word describing what are those "assets". Strangely, the one claim for copyright infringement set forth in the Complaint asserts that Defendants continued to use the server-based computer software (which apparently was not registered with the Copyright Office) after the License Agreements ended in June 2023, but does not allege that Defendants continued to use Transient Path's mobile app after License

4

Agreements ended. Instead, it alleges that Transient Path's mobile app was removed from the Apple and Google mobile stores in April and May 2023.  Compl. ¶ 18 ("was previously available"); ¶23 ("caused Transient Path's mobile application to be removed from the locations within the Google Play Store and Apple Store.")

On June 30, 2023, Transient Path filed its Complaint against Elevation, Seven Mile, and Stones Gambling acknowledging that none of the Defendants are residents of New York. Compl. ¶¶ 2, 5, 8. Plaintiff does not allege, because it cannot, that any of the Defendants transact business in New York, have a place of business in New York, or have employees in New York. Compl. ¶¶ 2-8; Kevorkian Dec. ¶¶ 14-16. And none of the Defendants derive significant income from interstate or international commerce. *Id*.

Based on the above facts, Transient Path asserts six causes of action against the Defendants:

1. Breach of the 2014 Agreement by Stones Gambling based on the alleged reverse engineering of Transient Path's software, copying the software, and distributing the software in violation of that agreement.

2. Breach of the 2015 Agreement by Seven Mile based on the alleged reverse engineering of Transient Path's software, copying the software, and distributing the software in violation of that agreement.

3. Trade secret misappropriation under the Defend Trade Secrets Act against all Defendants.

4. Trade secret misappropriation under New York law against all Defendants.

5. Violation of the Racketeer Influenced and Corrupt Organizations Act against all Defendants.

DM1\14482513.9

6. Copyright infringement, alleging that "Defendants' continued use of copies of Transient Path's computer programs [presumably those programs that were licensed in 2014 and 2015] after June 1, 2023 amounts to copyright infringement," Compl. ¶ 79.

The Complaint is devoid of any facts to support any of the above causes of action. Other than the generic "source code, structure, architecture, databases, interface, format, organization, functions, materials, and methodologies" allegation, there are no facts regarding the make up or comparison of the Transient Path software and Defendants' software. Compl. ¶ ¶ 54 – 60. The Complaint does not identify the trade secret that supposedly was misappropriated and it fails to alleged that the "computer programs" allegedly copied have been registered with the United States Copyright Office. Finally, there are zero facts to support the RICO claim.

## ARGUMENT

### The Complaint Must Be Dismissed for Lack of Personal Jurisdiction

This Court has long recognized that "[o]n a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). While courts generally construe allegations in a light most favorable to the plaintiff, alleged legal conclusions *without* a supporting factual basis will not suffice to substantiate a finding of personal jurisdiction. "Conclusory allegations are not enough to establish personal jurisdiction." *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Likewise, the court need not "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013)(internal citations omitted).

An out-of-state corporate party may be subject to personal jurisdiction in a federal district court if the plaintiff can establish that the court has either general or specific personal jurisdiction

6

over that party. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624-625 (2d Cir. 2016)

("Specific jurisdiction is available when the cause of action sued upon arises out of the

defendant's activities in a state. General jurisdiction, in contrast, permits a court to adjudicate any

cause of action against the corporate defendant, wherever arising, and whoever the plaintiff"). In

order to evaluate personal jurisdiction, the court must determine whether (1) the long-arm statute

of the state in which the court sits permits service of process on that party, and (2) subjecting the

party to personal jurisdiction in such state offends principles of due process. *Metro. Life Ins. Co.*

*v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).

1.    <u>The Defendants Are Not Subject to General Jurisdiction</u>

Under New York law, CPLR **§** 301, a corporate entity may be subject to personal

jurisdiction in New York courts "if it has engaged in such a continuous and systematic course of

"doing business" here that a finding of its "presence" in this jurisdiction is warranted." *Landoil*

*Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33, 565 N.E.2d 488, 490 (NY

1990). A corporate entity is only subject to general jurisdiction in a state where its "affiliations

with the State are so "continuous and systematic" as to render them essentially at home in the

forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct.

2846, 2851, 180 L. Ed. 2d 796 (2011).

Plaintiffs do not allege any such business activities by Defendants in New York.  Indeed,

the Complaint and attached License Agreements reiterate that the Designated Location for all

work between the parties was in California.  *See* Compl. Docs 1-1, 1-2. Elevation, Seven Mile,

and Stones Gambling are California corporations (Compl. ¶ 8), each with its respective principal

place of business in California.  Kevorkian Dec. ¶¶ 2-4. Elevation, Seven Mile, and Stones

Gambling own no property in New York and have no employees in New York.  Kevorkian Dec.

7

¶¶ 14-16. Elevation, Seven Mile, and Stones Gambling do not conduct any business in New York, let alone have any affiliations with New York that could possibly be considered "continuous" or "systematic." *Id*. Therefore, there are no bases for establishing general jurisdiction over Defendants in New York.

> 2.   <u>Seven Mile and Stones Gambling Are Not Subject to Specific Jurisdiction in New York Based on Consent.</u>

The Complaint alleges "This Court has personal jurisdiction over Defendants Seven Mile and Stones Gambling at least by virtue of their consent to this court's jurisdiction." Compl. ¶ 11. Transient Path provides no further explanation of facts or circumstances supporting the alleged consent. Transient Path does not cite any statements made by Seven Mile or Stones Gambling constituting such consent, nor does Transient Path point to any documentation indicating evidence of consent. In fact, Seven Mile and Stones Gambling have not consented to this Court's jurisdiction.

Transient Path's reliance on the License Agreements as the basis for alleging consent to this Court's jurisdiction is misplaced. First, there is no written license agreement, and no venue selection clause, between Seven Mile and Transient Path. The Complaint alleges no written agreement between Seven Mile and Transient Path and no such agreement is attached as an exhibit. Compl. Doc. 1-1 is a license agreement between Transient Path and VC Cardroom Inc., not Seven Mile. And Compl. Doc. 1-6 to the Complaint shows that VC Cardroom Inc. is owned by the Harvey and Bette Souza Living Trust, not by Seven Mile. Compl. Doc. 1-6 at page 2 of 11 ("The Harvey and Bette Souza Living Trust, dated February 7, 2010 (Trust) is the Corporation's sole shareholder"). Seven Mile purchased the assets of VC Cardroom, Inc. Plaintiff does not allege or attach any assumption of those contractual obligations. Under California law, the purchaser of a business does not assume the seller's liabilities unless there is an express or

implied agreement of assumption, the transaction amounts to a consolidation or merger of the two corporations, the purchasing corporation is a mere continuation of the seller, or the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts. *Ray v. Alad Corp.*, 19 Cal.3d 22 (1977). None of the exceptions to the California rule against successor liability are alleged in the Complaint. Seven Mile paid a license fee to Transient Path and Transient Path accepted that fee for a non-exclusive license to the software it had previously licensed to VC Cardroom Inc. *Effects Associates, Inc. v. Cohen*, 908 F. 2d 555, 558-59 (9th Cir.1990)(recognizing that a nonexclusive license may be granted orally or implied from conduct); *compare* Compl. Doc. 1-2 at ¶ 2 (Transient Path grants non-exclusive license to VC Cardroom Inc.). There is no written license agreement, and no venue clause, binding Seven Mile. Even assuming, arguendo, that Plaintiff could allege that Seven Mile assumed the contractual obligations of VC Cardroom Inc. under the license agreement, Seven Mile is still not subject to this Court's jurisdiction, as explained below.

Second, a plain reading of the language in the **Venue** clause contained in the License Agreements fails to establish consent to this Court's jurisdiction. The clause reads as follows:

> **27. Venue.** Any action to declare or enforce any rights or obligations under this Agreement shall be brought only before a court of competent jurisdiction in the State of New York, Westchester County. Transient Path hereby consents and submits to the jurisdiction of such courts for such purposes and agrees that any notice, complaint or other legal process delivered to Customer shall constitute adequate notice and service of process for all purposes and shall subject Transient Path to the jurisdiction of such courts for the purpose of adjudicating any matter relating to this Agreement.

Compl. Docs. 1-1 and 1-2, ¶ 27. On its face, only Transient Path consented to the jurisdiction of this Court. The license agreements have a choice of law provision choosing New York law. *Id.* at ¶ 25. But "choice of law provisions and forum selection clauses are separate and distinct."

9

*Harrington v. Crater*, 2017 WL 4621618 at *3 (E.D.N.Y. 2017). The choice-of-law clause does not address the forum where the case can or should proceed. *TGG Ultimate Holdings, Inc. v. Hollett*, 224 F.Supp.3d 275, 281 (2016)("A choice-of-law provision, however, does not determine where the litigation will proceed).

Under New York Law, "words and phrases [in a contract] should be given their plain meaning." *Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 99 (2d Cir. 2012). Moreover. "[t]he primary objective in contract interpretation is to give effect to the intent of the contracting parties as revealed by the language they chose to use." *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1094 (2d Cir. 1993) (cleaned up). Clause 27 explicitly controls "venue," not jurisdiction. And it specifically states that only Transient Path "submits to the jurisdiction" of the courts in Westchester County. There is no mention of consent being made by Stones Gambling. Transient Path could have included language indicating that the licensee consents to "jurisdiction"; or it could have simply ended Clause 27 after the first sentence, without specifying that consent to "jurisdiction" was made only by Transient Path. Instead, the drafter chose to limit jurisdictional consent to Transient Path. "It is a general rule of contract interpretation that if a contract includes a level of specificity in one context and then omits that specificity in a similar context, such an omission is purposeful and should be given meaning." *O'Connell v. Liberty Mut. Fire Ins. Co.*, 43 F. Supp. 3d 1093, 1098 (D. Mont. 2014). The reason for that one-sided consent to jurisdiction is made clear by consideration of the entire license: the location of Transient Path is **never** stated in the license. There is no address, there is no phone number, there is nothing to tell a potential licensee where Transient Path would be amenable to suit in case it failed to perform its extensive and detailed obligations under the license. *Law Debenture Trust Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2010)("Where the

parties dispute the meaning of particular contract clauses, the task of the court is to determine whether such clauses are ambiguous when read in the context of the entire agreement; and where consideration of the contract as a whole will remove the ambiguity created by a particular clause, there is no ambiguity")(cleaned up).

Finally, the venue provision itself is a narrow one and applies only to "Any action to declare or enforce any rights or obligations **under this Agreement**." Compl. Docs. 1-1 and 1-2 at ¶ 27. The venue provision does not apply to Transient Path's copyright claim, its trade secret claim, or its RICO claim. Therefore, even if the venue provision in the License Agreement is read to convey personal jurisdiction over Stones Gambling for the resolution of Transient Path's breach of contract claims, it does not permit this Court to exercise jurisdiction over Stones Gambling (or Seven Mile or Elevation) for the resolution of Transient Path's copyright, trade secret, and RICO claims. *Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2007)(dismissing claims for copyright infringement, unjust enrichment, and unfair competition because forum selection clause that applied to "the validity, construction, and effect of this agreement" did not give court personal jurisdiction over defendants for other claims); *Mil-Ray v. EVP International, LLC*, 2021 WL 2903224 (D. Oregon 2021)(fraud and quantum meruit claims were not subject to forum selection clause governing "any disputes arising pursuant hereto"); *Xiao Wei Yang Catering Linkage in Inner Mongolia Co., Ltd. v. Inner Mongolia Xiao Wei Yang Usa, Inc.*, 150 F.Supp.3d 71 (D. Mass. 2015)(forum selection clause in a business cooperation agreement did not apply to claims for trademark infringement, false designation of origin, dilution, or unfair competition).

      3.   <u>There Is No Other Basis for Exercising Specific Jurisdiction Over Seven Mile and Stones Gambling</u>

*i. Seven Mile and Stones Gambling are not subject to personal jurisdiction under CPLR 302(a)(1) because they do not transact business in New York.*

"The appropriate focus of an inquiry under CPLR § 302(a)(1) is on what the non-domiciliary defendant did in New York and not on what the plaintiffs did." *Int'l Customs Assocs., Inc. v. Ford Motor Co.*, 893 F.Supp. 1251, 1262 (S.D.N.Y.1995), aff'd, 307 Fed. App'x 479 (2d Cir.2008); *Skrodzki v. Marcello*, 810 F.Supp.2d 501, 509 (2011) ("whether the contract is to be performed in New York" is an important factor in determining whether the court can exercise jurisdiction under CPLR § 302(a)(1)). The license agreements themselves make it clear that the business being conducted between Transient Path and Seven Mile relates to the installation of a casino cardroom management system at the "Licensee Designated Location: The Village Club Card Room, 285 Bay Blvd, Chula Vista, CA." Case Docs. 1-1 and 1-2, p. 1. The business conducted between Transient Path and Stones Gambling relates to the installation of a casino cardroom management system at the "Licensee Designated Location: Stones Gambling Hall 6508-6510 Antelope Rd, Citrus Heights CA 95621." Case Doc. 1-1, p. 1.

Leaving aside the contractual designation of the location where Transient Path was to provide its services, Seven Mile and Stones Gambling did absolutely nothing in New York. The license agreements were executed by representatives of Stones Gambling and V.C. Cardroom, Inc. in California and no representative of either Stones Gambling or Seven Mile has ever traveled to New York in connection with the business contemplated by the License Agreements. Kevorkian Dec. ¶¶ 10-11. And the invoices sent to Seven Mile and Stones Gambling by Transient Path did not include New York sales tax. Kevorkian Dec. ¶12. *C.B.C. Wood Products, Inc. v. LMD Integrated Logistics Services, Inc.*, 455 F.Supp.2d 218, 225 (E.D.N.Y. 2006)(failure to collect New York sales tax was one factor supporting denial of personal jurisdiction under §302(a)(1). On these facts, neither Seven Mile nor Stones Gambling has purposefully availed itself of the opportunity to do business within the state of New York and, therefore, they are not

12

subject to personal jurisdiction in New York pursuant to CPLR 302 (a). *Mayes v. Leipziger*, 674
F.2d 178, 185 (2nd Cir. 1982) ("So far as we are aware, no court has extended §302(a)(1) to
reach a nondomiciliary who never entered New York, who was solicited outside of New York to
perform services outside of New York, who performed outside of New York such services as
were performed, and who is alleged to have neglected to perform other services outside of New
York. We do not believe that in these circumstances the New York courts would exercise
jurisdiction solely on the basis that the defendants, from California, reported to their New York
client and sought the wherewithal (i.e., funds, authority, and information) by means of letters and
calls to New York to perform their non-New York services.")

### ii. Seven Mile and Stones Gambling are not subject to personal jurisdiction under CPLR 302(a)(3).

The Complaint does not allege any of the Defendants committed a tort in the state of New
York. To sustain jurisdiction under CPLR 302(a)(3) over a defendant who allegedly committed a
tort outside of New York, plaintiff must allege that defendant's acts "caused injury within the
state" and that defendant "regularly solicits business" in the state or "derives substantial revenue
from interstate or international commerce." To allege "injury within the state," plaintiff must
allege facts showing a non-speculative and direct New York-based injury. *Troma Entm't Inc.
Centennial Pictures Inc.*, 729 F.3d 215 (2d Cir. 2013). Transient Path's Complaint fails to allege
any specific injury at all.  Instead, the Complaint alleges that "Defendants continued to use
Transient Path's computer programs after June 1, 2023," Compl. ¶ 79, which was the date on
which the license agreements ended, Compl. ¶ 77, and that this unauthorized use was a breach of
contract and a copyright infringement.  The law in the Second Circuit is well-settled. A bald
allegation of injury from misappropriation does not support personal jurisdiction against a non-
domiciliary defendant based solely on plaintiff's domicile within the jurisdiction. *Troma Entm't*

*Inc. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013) (upholding dismissal of New York based motion picture producer's copyright infringement claim for lack of personal jurisdiction noting that "It is well settled that 'residence or domicile of the injured party within [New York] is not sufficient predicate for jurisdiction' under section 302(a)(3)"); *Adwar Casting Co., Ltd. v. Star Gems Inc.*, 342 F.Supp.3d 297 (2018)("conclusory allegations as to the loss of its rights as a copyright holder" are not adequate to sustain jurisdiction under § 302(a)(3)).

In addition, Transient Path cannot and does not allege that any of the defendants "regularly solicits business" in the state or "derives substantial revenue from interstate or international commerce." *Supra* at page 8.

Transient Path's claims for theft of trade secrets are subject to the same disability as its breach of contract and copyright claims. *Mastercraft Decorators, Inc. v. Orlando*, 356 F.Supp.3d 259 (2018)(dismissing state trade secret claim for failure allege facts sufficient to satisfy New York's long-arm statute); *Pictometry International Corp. v. Air America Flight Center, LLC*, 394 F.Supp.3d 320 (W.D.N.Y. 2019)(dismissing trade secret claim under Defend Trade Secrets Act for failure allege facts sufficient to satisfy New York's long-arm statute).

iii. *The RICO statute does not provide for personal jurisdiction over any defendant.*

Finally, the civil RICO claim does not solve Transient Path's jurisdiction problem. The Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1965(a), grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs. *Pincione v. D'Alfonso*, 506 Fed.Appx. 22, 24 (2nd Cir. 2012). Transient Path does not allege that any of the defendants resides in the Southern District of New York, has an agent in the district, or transacts affairs in the district. Nor could it. The "transacts his affairs" language in § 1965 is "synonymous with the Clayton Act's, 15 U.S.C.

14

§ 22, requirement that a party 'transact[ ] business' in the venue. Under this definition, the business must be substantial in character, so that there is some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district." *Id.* The Defendants do not do any business at all in the district and certainly do not do business that can be characterized as "substantial in character."

4.    Elevation Is Not Subject to Specific Jurisdiction or Venue In New York

Plaintiff argues that this court can exercise specific personal jurisdiction over Elevation 1) "by virtue of its ownership of Seven Mile and Stones Gambling," 2) because Elevation "participat[ed] in the contract breaches," 3) because Elevation "misappropriat[ed]. . .Transient Path's intellectual property," and 4) because "harm [was] inflicted upon Transient Path and into this district." Compl. ¶ 11. None of Plaintiff's assertions are sufficient to establish personal jurisdiction over Elevation under New York's long-arm statute.

i.   *Elevation's ownership of Seven Mile and Stones Gambling does*
*not subject Elevation to long arm jurisdiction in New York.*

Transient Path admits that it has no direct agreement with Elevation for jurisdiction or venue in New York, arguing instead that Elevation is subject to long arm jurisdiction in New York "by virtue of its ownership of Seven Mile and Stones Gambling." Since Transient Path has failed to establish personal jurisdiction over Seven Mile and Stones Gambling, its attempt to wrap Elevation into the nonexistent consent of its subsidiaries is unavailing. Regardless, New York law is well-settled that "[m]ere ownership by a parent company of a subsidiary that is subject to personal jurisdiction is insufficient to establish jurisdiction over the parent." *Moreau v. RPM, Inc.*, 20 A.D.3d 456, 457, 799 N.Y.S.2d 113, 114 (2005).

ii.  *Elevation was not a party to the License Agreements and*
*Cannot "Participate in Breaching Them"*

The Complaint does not contain any allegation concerning Elevation's supposed

15

participation in breaching the License Agreements and does not include any cause of action for tortious interference with either of those contracts. Even if it did, such allegations would not constitute a basis for exercising personal jurisdiction over Elevation. As explained above, *supra* at page 16, jurisdiction based on a tort claim requires allegations of facts establishing the defendant either (i) regularly does or solicits business in New York or (ii) "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Transient Path has not alleged and cannot allege that Elevation regularly does or solicits business in New York or that it derives substantial revenue from interstate or international commerce.

iii. *An allegation of misappropriation of intellectual property does not create personal jurisdiction over Elevation.*

As noted above, the bare allegation that intellectual property was misappropriated has no jurisdictional significance. Transient Path still needs to allege facts that establish personal jurisdiction over Elevation. It has failed to do so. "Plaintiff must, at the least, allege facts that would support a colorable claim of jurisdiction." *Daval Steel Prod., a Div. of Francosteel Corp. v. M.V. Juraj Dalmatinac*, 718 F. Supp. 159, 162 (S.D.N.Y. 1989).

iv. *A generalized allegation of harm suffered by Transient Path does not establish personal jurisdiction over Elevation*

The requirements of CPLR § 301(a)(3) and Transient Path's failure to meet its burden, as described above, apply with equal force to Elevation.

## <u>CONCLUSION</u>

For the reasons set forth above, the Complaint against Elevation, Seven Mile, and Stones Gambling must be dismissed.

Dated: New York, New York
        September 15, 2023

                                        Duane Morris LLP

                                        By: */s/ Mario Aieta*
                                            Mario Aieta

                                            230 Park Avenue, Suite 1130
                                            New York, NY 10169
                                            (212) 404-8755
                                            MAieta@duanemorris.com

                                            *Attorneys for Defendants*

DM1\14482513.9