UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRANSIENT PATH, LLC

                    Plaintiff,

        v.                                          Case No.:  1:23-cv-05628 (LAP)

STONES SOUTH BAY CORP., KING'S CASINO
MANAGEMENT CORP., and ELEVATION
ENTERTAINMENT GROUP,

                    Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
<u>THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

Mario Aieta
Ariel Seidner
DUANE MORRIS LLP
230 Park Avenue, Suite 1130
New York, NY 10169
(212) 404-8755
MAieta@duanemorris.com

*Attorneys for Defendants*

i

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ..................................................................................1

FACTS ......................................................................................................................2

ARGUMENT .............................................................................................................7

A.    THE FIRST AMENDED COMPLAINT MUST BE DISMISSED FOR
LACK OF PERSONAL JURISDICTION ................................................ 7

1.    The Defendants Are Not Subject to General Jurisdiction........................... 8

2.    Seven Mile and Stones Gambling Are Not Subject to the Specific
Jurisdiction of this Court Based on Consent................................................ 8

3.    There Is No Other Basis for Exercising Specific Jurisdiction Over
Seven Mile and Stones Gambling................................................................ 13

i.    Seven Mile and Stones Gambling are not subject to
personal jurisdiction under CPLR 302(a)(1) because they
do not transact business in New York...............................................13

ii.    Seven Mile and Stones Gambling are not subject to
personal jurisdiction under CPLR 302(a)(3)....................................14

4.    Elevation Is Not Subject to Specific Jurisdiction or Venue In New
York ............................................................................................................ 16

i.    Elevation has not consented to personal jurisdiction....................16

ii.    Elevation is not subject to personal jurisdiction under
CPLR 302(a)(3). ............................................................................16

iii.    Elevation's ownership of Seven Mile and Stones Gambling
does not subject Elevation to long arm jurisdiction in New
York. ...............................................................................................17

iv.    Elevation was not a party to the License Agreements and is
not subject to personal jurisdiction based on the alleged
breaches of those agreements.........................................................18

v.    An allegation of misappropriation of intellectual property
does not create personal jurisdiction over Elevation. ...................18

vi.    A generalized allegation of harm suffered by Transient Path

does not establish personal jurisdiction over Elevation .................18

B. New York Business Corporation Law § 1312 Bars Transient Path's Diversity Claims ................................................................................ 19

CONCLUSION.............................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Adwar Casting Co., Ltd. v. Star Gems Inc.*, 342 F.Supp.3d 297 (E.D.N.Y. 2018)........................15

*Aguas Lenders Recovery Group v. Suez, S.A.*, 585 F.3d 696 (2nd Cir. 2009)..............................16

*Brown v. Lockheed Martin Corp.*, 814 F.3d 619 (2d Cir. 2016) ....................................................7

*C.B.C. Wood Products, Inc. v. LMD Integrated Logistics Services, Inc.*, 455
F.Supp.2d 218 (E.D.N.Y. 2006) ..............................................................................................14

*Daval Steel Prod., a Div. of Francosteel Corp. v. M.V. Juraj Dalmatinac*, 718 F.
Supp. 159 (S.D.N.Y. 1989).......................................................................................................18

*Fourth Estate Public Benefit Corp. v. Wall-Street.com*, 139 S. Ct. 881 (2019) ...........................12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct.
2846, 180 L. Ed. 2d 796 (2011) ..................................................................................................8

*Harrington v. Crater*, 2017 WL 4621618 (E.D.N.Y. 2017)............................................................9

*Imax Corp. v. Cinema Technologies, Inc.*, 152 F. 3d 1161 (9th Cir. 1998)....................................2

*Int'l Customs Assocs., Inc. v. Ford Motor Co.*, 893 F.Supp. 1251 (S.D.N.Y.1995),
aff'd, 307 Fed. App'x 479 (2d Cir. 1999)...........................................................................13, 17

*Law Debenture Trust Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458 (2d
Cir. 2010) ...................................................................................................................................10

*Mastercraft Decorators, Inc. v. Orlando*, 356 F.Supp.3d 259 (W.D.N.Y. 2018) .........................16

*Mayes v. Leipziger*, 674 F.2d 178 (2nd Cir. 1982) ........................................................................14

*Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246 (S.D.N.Y. 2003) ..........................................7

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996) ...................................7

*Mil-Ray v. EVP International, LLC*, 2021 WL 2903224 (D. Oregon 2021) ..................................11

*Netherlands Shipmortgage Corp Ltd v Madias*, 717 F.2d 731 (2nd Cir. 1983) ............................19

*Newborn v Yahoo Inc.*, 391 F.Supp.2d 181 (D.D.C. 2005) .............................................................2

*NuMSP, LLC v. St. Etienne*, 462 F.Supp.3d 330 (S.D.N.Y. 2020)................................................16

*O'Connell v. Liberty Mut. Fire Ins. Co.*, 43 F. Supp. 3d 1093 (D. Mont. 2014)...........................10

*Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89 (2d Cir. 2012)....................................................9

*Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007) ..........................................................11

*Pictometry International Corp. v. Air America Flight Center, LLC*, 394 F.Supp.3d 320 (W.D.N.Y. 2019) ............................................................................................16

*Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091 (2d Cir. 1993) ...........................................................................................................9

*Skrodzki v. Marcello*, 810 F.Supp.2d 501 (E.D.N.Y. 2011) .......................................................13

*In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659 (2d Cir. 2013)......................................7

*TGG Ultimate Holdings, Inc. v. Hollett*, 224 F.Supp.3d 275 (S.D.N.Y. 2016)............................9

*Troma Entm't Inc. Centennial Pictures Inc.*, 729 F.3d 215 (2d Cir. 2013)................................15

*Xiao Wei Yang Catering Linkage in Inner Mongolia Co., Ltd. v. Inner Mongolia Xiao Wei Yang Usa, Inc.*, 150 F.Supp.3d 71 (D. Mass. 2015)................................11

**State Cases**

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 565 N.E.2d 488 (NY 1990)..............................................................................................8

*Moreau v. RPM, Inc.*, 20 A.D.3d 456, 799 N.Y.S.2d 113 (NY 2005)...........................................17

**State Statutes**

Business Corporation Law § 1312 ..............................................................................................2, 19

**Rules**

CPLR § 301..........................................................................................................................................8

CPLR § 302(a) ............................................................................................................................. 14-15

CPLR § 302(a)(1) ........................................................................................................................ 13-14

CPLR § 302(a)(3) ...............................................................................................................14, 16, 18

Fed. R. Civ. P. 12(b)(2)...................................................................................................................1, 7

Fed. R. Civ. P. 12(b)(6)...................................................................................................................1, 7

S.D.N.Y. Rule 18 ..............................................................................................................................12

**Other Authorities**

Compendium of US Copyright Office Practices, Third Edition, § 507.2 (2021) ..........................12

## PRELIMINARY STATEMENT

Defendants, Stones South Bay Corp., dba Seven Mile Casino ("Seven Mile"), King's Casino Management Corp., dba The Saloon at Stones Gambling Hall and The Tavern at Stones Gambling Hall ("Stones Gambling"), and Elevation Entertainment Group ("Elevation"), submit this Memorandum of Law in support of their Motion to Dismiss the First Amended Complaint of Plaintiff Transient Path, LLC ("Transient Path") pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

Transient Path alleges claims of breach of contract, trade secret misappropriation, and copyright infringement against Elevation, Seven Mile, and Stones Gambling. Transient Path has abandoned the spurious RICO claim asserted in its original complaint and in its place has clarified that its copyright infringement claim relates ONLY to the Mobile Application which Transient Path created in 2022 (according to the copyright registration for the Mobile Application). While more mundane than the now-abandoned RICO claim, the newly limited copyright claim fails to create personal jurisdiction over the defendants.

Transient Path is a Wyoming corporation that does not have its principal place of business in New York and that is not even authorized to do business in New York. Elevation, Seven Mile, and Stones Gambling are all California corporations, doing business in California, and the entire relationship with Transient Path occurred in California. The Defendants conduct no business in the State of New York, nor do they have connections to New York that could justify the exercise of personal jurisdiction over them. Further, they have not consented to jurisdiction in New York and they are not subject to personal jurisdiction under New York's long-arm statute. Therefore, the First Amended Complaint must be dismissed because this Court

lacks personal jurisdiction over the Defendants.[1]  In addition, while alleging that it does business in New York, Transient Path has not registered as a foreign corporation with the New York State Division of Corporations.  Therefore, Transient Path is barred from pursuing any diversity claim in this court by operation of Business Corporation Law § 1312.

## FACTS

Plaintiff Transient Path is a Wyoming corporation. First Amended Complaint ⁋⁋ 1. While the original complaint conspicuously failed to allege where Transient Path was located, in the First Amended Complaint it now asserts that "has **had** an address" in Baldwin Place, New York. First Amended Complaint ¶ 1 (emphasis added). Transient Path does not allege that it still has an address in New York and does not allege that the address that it "had" in New York was ever its principal place of business. Wherever its principal place of business may be, as a limited liability company organized under the laws of Wyoming, Transient Path is a foreign corporation in New York, but it is **not** registered with the New York State Division of Corporations.  Aieta Decl. ⁋ 4. Therefore, Transient Path is not authorized to do business in New York.

Transient Path licenses software under the brand name Cobblestone. First Amended Complaint ⁋ 16.  The Cobblestone software was licensed to Stones Gambling in 2014, First Amended Complaint ¶ 22, Ex. B (Doc. 23-2)(the "2014 License"), and to VC Cardroom, Inc., in

---

[1] While the instant motion is based on lack of personal jurisdiction over the Defendants, Transient Path's First Amended Complaint also fails to state a claim for either theft of trade secrets or for copyright infringement. *See Imax Corp. v. Cinema Technologies, Inc.*, 152 F. 3d 1161 (9th Cir. 1998)) (plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge"); *Newborn v Yahoo Inc.*, 391 F.Supp.2d 181 (D.D.C. 2005)(dismissing claim for copyright infringement where "it is virtually impossible to determine what materials have allegedly been infringed"). Should the Court retain jurisdiction over this case Defendants will promptly move for judgment on the pleadings.

2

2015. First Amended Complaint ¶ 22, Ex. C (Doc. 23-3) (the "2015 License"). Collectively the 2014 License and the 2015 License agreements are referred to herein as the "License Agreements". Seven Mile acquired the assets of VC Cardroom, Inc. in 2017. First Amended Complaint ¶ 24. Elevation owns Seven Mile and Stones Gambling. Declaration of Masis A. Kevorkian dated Oct. 20, 2023 ("Kevorkian Dec.") at ¶ 4. The Complaint does not allege that Elevation is a licensee of the Cobblestone software and, in fact, it is not. *Id*. at ¶ 10.

In 2014 and 2015, pursuant to the License Agreements, Transient Path licensed to Stones Gambling and to VC Cardroom a "Casino Card Room Management system" that makes use of "RFID products." First Amended Complaint Ex. B at p. 15 of 24 and Ex. C at p. 15 of 26. The License Agreements contain a narrow "Venue" clause stating "Any action to declare or enforce any rights or obligations under this Agreement shall be brought only before a court of competent jurisdiction in the State of New York, Westchester County." First Amended Complaint Exs. B and C ¶ 27 at p. 11. The License Agreements, however, do **not** require the licensees to submit to jurisdiction in New York. Only Transient Path agrees to jurisdiction in New York, should the licensees ever have to sue Transient Path to force it to perform its obligations under the license agreements:

> Transient Path hereby consents and submits to the jurisdiction of such courts for such purposes and agrees that any notice, complaint or other legal process delivered to Customer shall constitute adequate notice and service of process for all purposes and shall subject Transient Path to the jurisdiction of such courts for the purpose of adjudicating any matter relating to this Agreement.

*Id.*

The License Agreements very clearly apply only to specific server software to "use and execute" within a specific physical territory. The License Agreements apply to "Software [to be installed] on either a single Local or Wide Area Network that you own or lease at the Designated Location…." to "use and execute" "in the Territory set forth in the Appendix." First Amended

3

Complaint Exs. B and C at ¶ 2.[2]  The "Designated Location" is a single, physical location for each license agreement (Citrus Heights, California for 2014 License and Chula Vista, California for the 2015 License).  First Amended Complaint Exs. B and C at Page 1 and at ⦆ 1. Although there is no definition for "Territory" anywhere in License Agreements or the Appendices, the License Agreements provide: "In the event that the Territory is left blank in Appendix 1, the territory shall be deemed the state identified within the address set forth on the first page of the Agreement." First Amended Complaint Exs. B and C at ¶ 2. For both License Agreements, the state identified on the first page is California.  The License Agreements obligate Transient Path to provide "on site training" at locations in California, *id*. at Page 15, and obligate the licensee to pay for Transient Path's travel expenses in connection with installing the software at those locations in California. First Amended Complaint Exs. B at Page 22 and Ex. C at Page 24.  The 2014 License clearly states that the Cobblestone software that is being licensed will run on "existing PCs".  First Amended Complaint Ex. C at Page 16 of 26. There is no mention of mobile applications anywhere in either License Agreement.  First Amended Complaint Exs. B and C *in passim*.

The First Amended Complaint  alleges that "one of the computer programs provided by Transient Path to defendants was the computer program protected by the Mobile Application Copyright Registration." First Amended Complaint ¶ 25. Transient Path alleges that the Mobile Application is "used by casino patrons." First Amended Complaint ¶ 18.  The referenced copyright registration, No. TXu 2-373-908, which is not attached to the Complaint, describes the copyrighted work as a "Computer File" entitled "Casino Mobile Application". Declaration of

---

[2] Although "Software" is capitalized throughout the License Agreements as if it were a defined term, it is never defined in those agreements.

Mario Aieta dated October 20, 2023, ¶ 2 and Ex. A.  Obviously, the License Agreements, which very clearly describe the purpose of the licensed software, the equipment on which that software can be installed, the number of copies that can be made, and the specific locations where the licenses software can be "used and executed," do not apply to a "mobile application" to be used by "casino patrons" wherever they and their phones may be.

Interestingly, copyright registration No. TXu 2-373-908 declares that the "Date of Creation" of the work is "2022." *Id.* The License Agreements were entered into eight and seven years **before** the work that was registered with the Copyright Office even existed. The License Agreements have nothing to do with the work that was registered with the Copyright Office.

The First Amended Complaint now clarifies what the original complaint obscured: the claim for copyright infringement concerns **only** the Mobile Application, which clearly does not fall within the scope of the License Agreements. First Amended Complaint ¶ 74-80. Transient Path alleges that  in April 2023 Seven Mile "launched" applications for Android and Apple mobile devices that copied Transient Path's mobile applications and that in May 2023, Stones Gambling did the same. First Amended Complaint ¶ 29. The First Amended Complaint contains no facts about the features or interfaces of the parties' mobile applications nor does it specify any similarities between Transient Path's copyrighted mobile application and the mobile applications launched by Seven Mile and Stones Gambling.  The First Amended Complaint merely concludes "there is a substantial similarity" between the registered work and the allegedly infringing works. First Amended Complaint ¶ 31.  The First Amended Complaint also alleges, without specificity, that:

> Review of the content of the downloaded mobile applications referenced in Paragraph 29 reveals the existence of assets utilized in Transient Path's mobile application but not publicly utilized in Defendants' replacement applications, indicating that Defendants copied and thereafter modified Transient Path's property

5

and trade secrets.

First Amended Complaint ¶ 37. The Complaint does not include even one word describing what are those "assets". And Transient Path's Mobile App has not been available on the Apple and Google mobile stores since May 2023.  First Amended Complaint ¶ 25 ("was previously available"); ¶30 ("caused Transient Path's mobile application to be removed from the locations within the Google Play Store and Apple Store.") Therefore, it is impossible to determine from the First Amended Complaint what part of Transient Path's Mobile Application was supposedly copied by the defendants. In any event, the mobile applications that Transient Path claims were copied actually look nothing at all like the registered Mobile Application.  Aieta Dec. Ex. C.

Defendants Elevation, Seven Mile, and Stones Gambling are not residents of New York. First Amended Complaint ¶¶ 2, 6, 9. Plaintiff does not allege, because it cannot, that any of the Defendants transact business in New York, have a place of business in New York, or have employees in New York. First Amended Complaint ¶¶ 2-10; Kevorkian Dec. ¶¶ 11-13. And none of the Defendants derive significant income from interstate or international commerce. *Id*.

Based on the above facts, Transient Path asserts five causes of action against the Defendants:

1. Breach of the 2014 Agreement by Stones Gambling based on failure to timely pay sums dues, the alleged reverse engineering of Transient Path's software, copying the software, and distributing the software in violation of that agreement.

2. Breach of the 2015 Agreement by Seven Mile based on failure to timely pay sums dues, the alleged reverse engineering of Transient Path's software, copying the software, and distributing the software in violation of that agreement.

3. Trade secret misappropriation under the Defend Trade Secrets Act against all Defendants.

6

4. Trade secret misappropriation under New York law against all Defendants.

5. Copyright infringement of the Mobile Application.  First Amended Complaint ¶ 76-78.

## ARGUMENT

### A.  THE FIRST AMENDED COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).  While courts generally construe allegations in a light most favorable to the plaintiff, alleged legal conclusions *without* a supporting factual basis will not suffice to substantiate a finding of personal jurisdiction. "Conclusory allegations are not enough to establish personal jurisdiction." *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Likewise, the court need not "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013)(internal citations omitted).

An out-of-state corporate party may be subject to personal jurisdiction in a federal district court if the plaintiff can establish that the court has either general or specific personal jurisdiction over that party. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624-625 (2d Cir. 2016) ("Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state. General jurisdiction, in contrast, permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff"). In order to evaluate personal jurisdiction, the court must determine whether (1) the long-arm statute of the state in which the court sits permits service of process on that party, and (2) subjecting the party to personal jurisdiction in such state offends principles of due process.  *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).

7

1. **The Defendants Are Not Subject to General Jurisdiction**

Under New York law, CPLR § 301, a corporate entity may be subject to personal jurisdiction in New York courts "if it has engaged in such a continuous and systematic course of "doing business" here that a finding of its "presence" in this jurisdiction is warranted." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33, 565 N.E.2d 488, 490 (NY 1990). A corporate entity is only subject to general jurisdiction in a state where its "affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011).

Plaintiffs do not allege any such business activities by Defendants in New York.  Indeed, the First Amended Complaint and attached License Agreements reiterate that the Designated Location for all work between the parties was in California.  Exs. B and C at Page 1 and at ℙ 1. Elevation, Seven Mile, and Stones Gambling are California corporations (First Amended Complaint ¶¶ 2, 6, and 9), each with its respective principal place of business in California. Kevorkian Dec. ¶¶ 2, 3, and 4. Elevation, Seven Mile, and Stones Gambling own no property in New York and have no employees in New York.  Kevorkian Dec. ¶¶ 11, 12, and 13. Elevation, Seven Mile, and Stones Gambling do not conduct any business in New York, let alone have any affiliations with New York that could possibly be considered "continuous" or "systematic." *Id.* Therefore, there are no bases for establishing general jurisdiction over Defendants in New York.

2. **Seven Mile and Stones Gambling Are Not Subject to the Specific Jurisdiction of this Court Based on Consent.**

The Complaint alleges "Defendants Seven Mile and Stones Gambling have waived all challenges to personal jurisdiction and venue regarding the 2014 Agreement and the 2015 Agreement," citing paragraph 27 of the License Agreements, which Transient Path characterizes

as "mandatory forum selection clauses requiring suits to be brought only before the courts

located in Westchester County, New York." First Amended Complaint ¶ 12. In fact, Seven Mile

and Stones Gambling have not consented to this Court's jurisdiction, the Venue clause is not a

"waiver" of "all challenges to personal jurisdiction," and Transient Path has breached its

obligation under the Venue clause and cannot enforce even the limited provisions of that clause

against Seven Mile and Stones Gambling.

> The **Venue** clause in the License Agreements states:

> > **27. Venue.** Any action to declare or enforce any rights or obligations under this Agreement shall be brought only before a court of competent jurisdiction in the State of New York, **Westchester County**. Transient Path hereby consents and submits to the jurisdiction of such courts for such purposes and agrees that any notice, complaint or other legal process delivered to Customer shall constitute adequate notice and service of process for all purposes and shall subject Transient Path to the jurisdiction of such courts for the purpose of adjudicating any matter relating to this Agreement.

First Amended Complaint Ex. C (Doc. 23-3) at ¶ 27 (emphasis added).  On its face, the Venue

clause provides that only Transient Path consents to the jurisdiction of this Court.[3] Under New

York Law, "words and phrases [in a contract] should be given their plain meaning." *Olin Corp.*

*v. Am. Home Assur. Co.*, 704 F.3d 89, 99 (2d Cir. 2012). Moreover, "[t]he primary objective in

contract interpretation is to give effect to the intent of the contracting parties as revealed by the

language they chose to use." *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7

F.3d 1091, 1094 (2d Cir. 1993) (cleaned up). Clause 27 explicitly controls "venue" for actions

seeking to enforce obligations that arise under the License Agreement; it does not address

---

[3] The License Agreements have a choice of law provision choosing New York law. First Amended Complaint Ex. C (Doc. 23-3) at ¶ 25.  But "choice of law provisions and forum selection clauses are separate and distinct." *Harrington v. Crater*, 2017 WL 4621618 at *3 (E.D.N.Y. 2017). The choice-of-law clause does not address the forum where the case can or should proceed. *TGG Ultimate Holdings, Inc. v. Hollett*, 224 F.Supp.3d 275, 281 (S.D.N.Y. 2016)("A choice-of-law provision, however, does not determine where the litigation will proceed).

jurisdiction over the licensees. The Venue clause specifically states that only Transient Path "submits to the jurisdiction" of the courts in Westchester County. There is no mention of consent being made by Stones Gambling or Seven Mile. Transient Path could have included language indicating that the licensee consents to "jurisdiction"; or it could have simply ended Clause 27 after the first sentence, without specifying that consent to "jurisdiction" was made only by Transient Path. Instead, the drafter chose to limit jurisdictional consent to Transient Path. "It is a general rule of contract interpretation that if a contract includes a level of specificity in one context and then omits that specificity in a similar context, such an omission is purposeful and should be given meaning." *O'Connell v. Liberty Mut. Fire Ins. Co.*, 43 F. Supp. 3d 1093, 1098 (D. Mont. 2014).

The reason for the one-sided consent to jurisdiction in the Licensee Agreements is made clear by consideration of the entire license: the location of Transient Path is **never** stated in the license. There is no address; there is no phone number; there is nothing to tell a potential licensee where Transient Path would be amenable to suit in case it failed to perform its extensive and detailed obligations under the license. *Law Debenture Trust Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010)("Where the parties dispute the meaning of particular contract clauses, the task of the court is to determine whether such clauses are ambiguous when read in the context of the entire agreement; and where consideration of the contract as a whole will remove the ambiguity created by a particular clause, there is no ambiguity")(cleaned up).

Further, the Venue clause itself is a narrow one and applies only to "Any action to declare or enforce any rights or obligations **under this Agreement**." First Amended Complaint Exhibits B and C at ¶ 27 (emphasis added). The Venue clause does not apply to Transient Path's

copyright claim or its trade secret claims. Therefore, even if the Venue clause is read to convey personal jurisdiction over Stones Gambling and Seven Mile for the resolution of Transient Path's breach of contract claims, it does not permit this Court to exercise jurisdiction over Stones Gambling or Seven Mile (or Elevation) for the resolution of Transient Path's copyright and trade secret claims. *Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007)(dismissing claims for copyright infringement, unjust enrichment, and unfair competition because forum selection clause that applied to "the validity, construction, and effect of this agreement" did not give court personal jurisdiction over defendants for other claims); *Mil-Ray v. EVP International, LLC*, 2021 WL 2903224 (D. Oregon 2021)(fraud and quantum meruit claims were not subject to forum selection clause governing "any disputes arising pursuant hereto"); *Xiao Wei Yang Catering Linkage in Inner Mongolia Co., Ltd. v. Inner Mongolia Xiao Wei Yang Usa, Inc.*, 150 F.Supp.3d 71 (D. Mass. 2015)(forum selection clause in a business cooperation agreement did not apply to claims for trademark infringement, false designation of origin, dilution, or unfair competition).

The fact that the narrow Venue clause in the License Agreements provides no basis for the exercise of jurisdiction over the defendants on Transient Path's copyright claim is underscored by the fact that the Mobile Application – the only work on which the copyright claim is based – has nothing to do with the software subject to the License Agreements containing the Venue clause.  As noted above, the License Agreements are very specific about the type of software licensed (server software for casino management), the limited geographic area where that software can be used (California), the hardware on which it can be installed (PCs located at two locations in California) and the number of copies that can be made.  These license provisions have no relationship at all to a mobile application used on a telephone.

In an attempt to stretch its mobile application copyright claim to somehow encompass the

server software that existed in tangible form and was licensed to Seven Mile and Stones Gambling seven years before the mobile application was created, Transient Path asserts a gross misstatement of copyright law: "As understood by applicable copyright law, the Mobile Application Copyright Registration covers all copyrightable content existing as of the 2022 version." First Amended Complaint ¶ 18. Applicable copyright law understands nothing of the sort. Apparently Transient Path is asserting that the Mobile Application it claims to have created in 2022 is a derivative work based on or derived from the existing server software that it licensed to Seven Mile and Stones Gambling in 2014 and 2015. *See* Circular 14, Copyright in Derivative Works and Compilations, US Copyright Office (listing "A new version of an existing computer program" as a derivative work). But, "[t]he copyright for a derivative work only covers the new material that the author contributed to that work. It does not cover any of the preexisting material that appears in the derivative work." Compendium of US Copyright Office Practices, Third Edition, § 507.2 (2021). Transient Path's registered copyright "does not cover any of the preexisting material" that is the subject of the License Agreements. Transient Path cannot assert a copyright claim based on the licensed server software because that work is not registered with the Copyright Office. *Fourth Estate Public Benefit Corp. v. Wall-Street.com*, 139 S. Ct. 881, 886 (2019). The alleged copyright infringement, limited as it is to the Mobile Application, has nothing to do with the software that was the subject of the License Agreements and, therefore, a claim based on that alleged infringement is not subject to the Venue clause.

Finally, Transient Path breached the Venue clause by bringing this action in the Southern District of New York and designating "Manhattan" rather than "White Plains" as the courthouse to which the case should be assigned. Aieta Decl. Ex. 6.[4]  The doctrine of mutuality of obligation

---

[4] Transient Path not only breached the Venue clause, it also violated Rule 18 of the Rules for the Division of

is plainly violated by Transient Path's attempt to cast the Venue clause as a comprehensive waiver of objections to personal jurisdiction when Transient Path itself has breached that clause by designating Manhattan, not Westchester (White Plains) as the venue for this action. Transient Path cannot rely on a contractual provision that it has breached to establish jurisdiction by consent.  And, in any event, the alleged consent does not extend to this courthouse.

### 3. There Is No Other Basis for Exercising Specific Jurisdiction Over Seven Mile and Stones Gambling

> i. *Seven Mile and Stones Gambling are not subject to personal jurisdiction under CPLR 302(a)(1) because they do not transact business in New York.*

"The appropriate focus of an inquiry under CPLR § 302(a)(1) is on what the non-domiciliary defendant did in New York and not on what the plaintiffs did." *Int'l Customs Assocs., Inc. v. Ford Motor Co.*, 893 F.Supp. 1251, 1262 (S.D.N.Y.1995), aff'd, 307 Fed. App'x 479 (2d Cir. 1999); *Skrodzki v. Marcello*, 810 F.Supp.2d 501, 509 (E.D.N.Y. 2011) ("whether the contract is to be performed in New York" is an important factor in determining whether the court can exercise jurisdiction under CPLR § 302(a)(1)). The License Agreements themselves make it clear that the business being conducted between Transient Path and Seven Mile relates to the installation of a casino cardroom management system at the "Licensee Designated Location," in Chula Vista, California. First Amended Complaint Exhibits B, p. 1. And the business conducted between Transient Path and Stones Gambling relates to the installation of a casino cardroom management system at the "Licensee Designated Location" in Citrus Heights, California. First Amended Complaint Ex. C, p. 1.

---

Business Among District Judges, S.D.N.Y., which states that a civil case shall be designated for assignment to White Plains if "[t]he claim arose in whole or in major part in the Counties of Dutchess, Orange, Putnam, Rockland, Sullivan and Westchester (the "Northern Counties") and at least one of the parties resides in the Northern Counties." The only residence for Transient Path alleged in the First Amended Complaint is in Baldwin Place, New York, which is in Putnam County.  First Amended Complaint ¶ 1.

Not only is California designated location where Transient Path was to provide its services, Seven Mile and Stones Gambling did absolutely nothing in New York. The License Agreements were executed by representatives of Stones Gambling and V.C. Cardroom, Inc. in California and no representative of either Stones Gambling or Seven Mile has ever traveled to New York in connection with the business contemplated by the License Agreements. Kevorkian Dec. ¶¶ 7-8. And the invoices sent to Seven Mile and Stones Gambling by Transient Path did not include New York sales tax. Kevorkian Dec. ¶ 6. *C.B.C. Wood Products, Inc. v. LMD Integrated Logistics Services, Inc.*, 455 F.Supp.2d 218, 225 (E.D.N.Y. 2006)(failure to collect New York sales tax was one factor supporting denial of personal jurisdiction under §302(a)(1)).

On these facts, neither Seven Mile nor Stones Gambling has purposefully availed itself of the opportunity to do business within the state of New York and, therefore, they are not subject to personal jurisdiction in New York pursuant to CPLR 302 (a). *Mayes v. Leipziger*, 674 F.2d 178, 185 (2nd Cir. 1982) ("So far as we are aware, no court has extended §302(a)(1) to reach a nondomiciliary who never entered New York, who was solicited outside of New York to perform services outside of New York, who performed outside of New York such services as were performed, and who is alleged to have neglected to perform other services outside of New York. We do not believe that in these circumstances the New York courts would exercise jurisdiction solely on the basis that the defendants, from California, reported to their New York client and sought the wherewithal (i.e., funds, authority, and information) by means of letters and calls to New York to perform their non-New York services.")

    ii.    *Seven Mile and Stones Gambling are not subject to personal jurisdiction under CPLR 302(a)(3).*

The First Amended Complaint does not allege any of the Defendants committed a tort in the state of New York. To sustain jurisdiction under CPLR 302(a)(3) over a defendant who

allegedly committed a tort outside of New York, plaintiff must allege that defendant's acts "caused injury within the state" and that defendant "regularly solicits business" in the state or "derives substantial revenue from interstate or international commerce." To allege "injury within the state," plaintiff must allege facts showing a non-speculative and direct New York-based injury. *Troma Entm't Inc. Centennial Pictures Inc.*, 729 F.3d 215 (2d Cir. 2013). Transient Path's First Amended Complaint fails to allege any specific injury at all.  Instead, the First Amended Complaint alleges that "Defendants continued to use Transient Path's computer programs after June 1, 2023," First Amended Complaint ¶ 79, which was the date on which the license agreements ended, First Amended Complaint ¶ 77, and that this unauthorized use was a breach of contract and a copyright infringement.  The law in the Second Circuit is well-settled. A bald allegation of injury from misappropriation does not support personal jurisdiction against a non-domiciliary defendant based solely on plaintiff's domicile within the jurisdiction. *Troma Entm't Inc. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013) (upholding dismissal of New York based motion picture producer's copyright infringement claim for lack of personal jurisdiction noting that "It is well settled that 'residence or domicile of the injured party within [New York] is not sufficient predicate for jurisdiction' under section 302(a)(3)"); *Adwar Casting Co., Ltd. v. Star Gems Inc.*, 342 F.Supp.3d 297 (E.D.N.Y. 2018)("conclusory allegations as to the loss of its rights as a copyright holder" are not adequate to sustain jurisdiction under § 302(a)(3)).  The inadequacy of Transient Path's alleged injury to support personal jurisdiction over the defendants is even more evident here, where Transient Path itself is a foreign corporation that is not registered to do business in New York and does even allege a principal place of business in New York.

In addition, Transient Path cannot and does not allege that any of the defendants

"regularly solicits business" in the state or "derives substantial revenue from interstate or international commerce." *Supra* at page 14.

Transient Path's claims for theft of trade secrets are subject to the same disability as its breach of contract and copyright claims. *Mastercraft Decorators, Inc. v. Orlando*, 356 F.Supp.3d 259 (W.D.N.Y. 2018)(dismissing state trade secret claim for failure allege facts sufficient to satisfy New York's long-arm statute); *Pictometry International Corp. v. Air America Flight Center, LLC*, 394 F.Supp.3d 320 (W.D.N.Y. 2019)(dismissing trade secret claim under Defend Trade Secrets Act for failure allege facts sufficient to satisfy New York's long-arm statute).

### 4.    Elevation Is Not Subject to Specific Jurisdiction or Venue In New York

    *i.    Elevation has not consented to personal jurisdiction.*

Elevation is not a signatory to the License Agreements and therefore is not subject to the Venue clause.  Strangely, the First Amended Complaint, rather than allege facts that might support some basis for subjecting Elevation to a venue clause in a contract it did not enter into, cites two cases.  But those cases stand for the proposition that Elevation **cannot** be subjected to personal jurisdiction based on a limited venue provision in a contract that it has not signed.  In *Aguas Lenders Recovery Group v. Suez, S.A.*, 585 F.3d 696 (2nd Cir. 2009), the court held that a successor in interest can be bound by contracts, including mandatory forum selection clauses, entered into by its predecessor in interest. Elevation is not the successor in interest to either Stones Gambling or Seven Mile and the First Amended Complaint does not so allege.  In *NuMSP, LLC v. St. Etienne*, 462 F.Supp.3d 330 (S.D.N.Y. 2020), the court rejected the assertion that non-signatories to a contract were subject to a forum selection clause in a contract they did not sign and held that it could not exercise personal jurisdiction over defendants "that . . . have no connections whatsoever to the state of New York." *Id.* at 353.

    *ii.    Elevation is not subject to personal jurisdiction under CPLR*

*302(a)(3).*

Without alleging any specific fact, Transient Path falsely alleges that Elevation has "intentionally conducted activities in this state" and that it "benefited from Transient Path's management of licensed casino management software from this state."  First Amended Complaint ⁋ 14. Elevation conducts no activities in New York.  Kevorkian Decl. ⁋ 13.  And Transient Path's activities, wherever they may occur, cannot create personal jurisdiction over Elevation.  *Int'l Customs Assocs., Inc. v. Ford Motor Co.*, *supra.*

  iii.  *Elevation's ownership of Seven Mile and Stones Gambling does*
      *not subject Elevation to long arm jurisdiction in New York.*

Transient Path's assertion that "Elevation had an active role in" its two subsidiaries is insufficient to subject Elevation to the personal jurisdiction of this Court. New York law is well-settled that "[m]ere ownership by a parent company of a subsidiary that is subject to personal jurisdiction is insufficient to establish jurisdiction over the parent." *Moreau v. RPM, Inc.*, 20 A.D.3d 456, 457, 799 N.Y.S.2d 113, 114 (NY 2005).  Furthermore, Transient Path has failed to establish personal jurisdiction over Seven Mile and Stones Gambling, so any attempt to wrap Elevation into the nonexistent consent of its subsidiaries is unavailing.

> iv.    *Elevation was not a party to the License Agreements and is not subject to personal jurisdiction based on the alleged breaches of those agreements.*

The First Amended Complaint does not include any cause of action against Elevation for tortious interference with either of the License Agreements. Even if it did, such allegations would not constitute a basis for exercising personal jurisdiction over Elevation. As explained above, *supra* at page 15, jurisdiction based on a tort claim requires allegations of facts establishing the defendant either (i) regularly does or solicits business in New York or (ii) "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Transient Path has not alleged and cannot allege that Elevation regularly does or solicits business in New York or that it derives substantial revenue from interstate or international commerce. And given that Transient Path is a foreign corporation not registered to do business in New York, there can be no reasonable expectation that any act committed by Elevation would have consequences in New York.

> v.    *An allegation of misappropriation of intellectual property does not create personal jurisdiction over Elevation.*

As noted above, the bare allegation that intellectual property was misappropriated has no jurisdictional significance. Transient Path still needs to allege facts that establish personal jurisdiction over Elevation. It has failed to do so. "Plaintiff must, at the least, allege facts that would support a colorable claim of jurisdiction." *Daval Steel Prod., a Div. of Francosteel Corp. v. M.V. Juraj Dalmatinac*, 718 F. Supp. 159, 162 (S.D.N.Y. 1989).

> vi.    *A generalized allegation of harm suffered by Transient Path does not establish personal jurisdiction over Elevation*

The requirements of CPLR § 302(a)(3) and Transient Path's failure to meet its burden, as described above, apply with equal force to Elevation. *Supra* at 15.

**B.     New York Business Corporation Law § 1312 Bars Transient Path's Diversity Claims**

Transient Path alleges that it is a Wyoming corporation and that it does business in New York. First Amended Complaint ¶¶ 1, 14.  As such, Transient Path is a foreign corporation that is required to register with the New York State Division of Corporations.  It has not done so. Aieta Decl. 4.  B.C.L. § 1312(a) provides:

> A foreign corporation doing business in this state without authority shall not maintain any action or  special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this state without authority. This prohibition shall apply to any successor in interest of such foreign corporation.

B.C.L. § 1312 precludes the maintaining of an action by an unauthorized foreign corporation not only in the state courts of New York but also in the federal courts located in New York.

*Netherlands Shipmortgage Corp Ltd v Madias*, 717 F.2d 731, 735 (2nd Cir. 1983).  Since the Venue clause that is the only plausible basis for asserting jurisdiction over Seven Mile and Stones Gambling is limited to the breach of contract claims asserted against those defendants, and those diversity claims are barred by B.C.L. § 1312, the First Amended Complaint must be dismissed in its entirety.

## CONCLUSION

For the reasons set forth above, the Complaint against Elevation, Seven Mile, and Stones Gambling must be dismissed for lack of personal jurisdiction and for failure to state a claim.

Dated: New York, New York          Duane Morris LLP
      October 20, 2023          By: */s/ Mario Aieta*
            Mario Aieta
         230 Park Avenue, Suite 1130
         New York, NY 10169
         MAieta@duanemorris.com
         *Attorneys for Defendants*