UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRANSIENT PATH, LLC,

                    Plaintiff,

-against-

STONES SOUTH BAY CORP.; KING'S CASINO
MANAGEMENT CORP.; and ELEVATION
ENTERTAINMENT GROUP,

                    Defendants.

No. 23 Civ. 5628(LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

     Transient Path ("Plaintiff") brings this action against
Stones South Bay Corporation, doing business as Seven Mile
Casino ("Seven Mile"), King's Casino Management Corporation,
doing business as The Saloon at Stones Gambling Hall and The
Tavern at Stones Gambling Hall ("Stones Gambling"), and
Elevation Entertainment Group ("Elevation") (collectively,
"Defendants") for breach of contract, trade secret
misappropriation, and copyright infringement.  Presently before
the Court is Defendants' motion to dismiss pursuant to Federal
Rule of Civil Procedure 12(b)(2) and 12(b)(6).[1]  Plaintiff

---

[1] (See Notice of Mot. Dismiss, dated Oct. 20, 2023 [dkt. no. 24];
Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Br."),
dated Oct. 20, 2023 [dkt. no. 27]; Defs.' Reply Mem. of Law in
Supp. of Mot. to Dismiss ("Defs.' Reply"), dated Nov. 9, 2023
[dkt. no. 29].)

opposes Defendants' motion.[2]  For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

## I.   <u>Background</u>

The facts below are drawn from Plaintiff's First Amended Complaint[3] and documents incorporated therein and are assumed to be true for the purposes of deciding the motion.  <u>See</u> <u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007).

### A. Factual Background

Transient Path is a Wyoming based limited liability company which develops and offers gambling software.  (FAC ¶¶ 1, 16.) One of its computer programs is a casino management platform which helps casinos manage day-to-day operations.  (<u>Id.</u> ¶ 19.) Another of its programs is a mobile application which is designed for use by casino patrons.  (<u>Id.</u> ¶ 16.)  The mobile application is registered with the United States Copyright Office, Registration Number TXu 2-373-908.  (<u>Id.</u> ¶ 18.)

Defendants Seven Mile and Stones Gambling are California corporations which operate casinos in California.  (<u>Id.</u> ¶¶ 2-8.) Defendant Elevation is a California corporation and a shareholder of Defendants Seven Mile and Stones Gambling.  (<u>Id.</u> ¶¶ 9-10.)

---

[2] (<u>See</u> Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), dated Nov. 2, 2023 [dkt. no. 28].)

[3] (<u>See</u> First Am. Compl. ("FAC"), dated Oct. 6, 2023 [dkt. no. 23].)

In 2014 and 2015, Transient Path licensed its software to Defendants Seven Mile and Stones Gambling. (Id. ¶ 21.) Transient Path's license of its software to Defendants was subject to two licensing agreements. (See FAC, Ex. B ("2014 Agreement"), dated Oct. 6, 2023 [dkt. no. 23-2]; FAC, Ex. C ("2015 Agreement"), dated Oct. 6, 2023 [dkt. no. 23-3].) These agreements prohibited Defendants from "decompiling, reverse assembling, reverse engineering, modifying, copying, and distributing Transient Path's software and computer programs." (FAC ¶ 21.) Pertinent to the instant motion, these agreements also contained identical forum selection clauses, which provide:

> **27. Venue.** Any action to declare or enforce any rights or obligations under this Agreement shall be brought only before a court of competent jurisdiction in the State of New York, Westchester County. Transient Path hereby consents and submits to the jurisdiction of such courts for such purposes and agrees that any notice, complaint or other legal process delivered to Customer shall constitute adequate notice and service of process for all purposes and shall subject Transient Path to the jurisdiction of such courts for the purpose of adjudicating any matter relating to this Agreement.

(2014 Agreement ¶ 27; 2015 Agreement ¶ 27.)

Plaintiff alleges that in October 2022, Defendants began to reverse engineer its source code in violation of the licensing agreements. (FAC ¶ 27.) Plaintiff alleges that in an April 2023 phone call, a representative for Defendants indicated

that Defendants had copied its software and were releasing competing software. (Id. ¶ 28.) In April and May 2023, Elevation released its own software for the benefit of Seven Mile and Stones Gambling. (Id. ¶ 29.) On June 1, 2023, Defendants ceased to be customers of Transient Path. (Id. ¶ 32.)

Plaintiff maintains that Defendants misappropriated its software in launching their own competing software. (Id. ¶ 29.) Plaintiff alleges that there is "substantial similarity" between the products, (id. ¶ 31), and claims that it would be impossible for Defendants to launch their own application "[i]n the course of only six months . . . without [the] unlawful and dishonest reverse engineering and theft of Transient Path's property and trade secrets," (id. ¶ 39).

**B.  The First Amended Complaint**

On June 30, 2023, Plaintiff filed the instant action. (Dkt. no. 1.) On October 6, 2023, Plaintiff filed their First Amended Complaint, alleging claims for breach of contract (FAC ¶¶ 53-60), trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq., (id. ¶¶ 61-68), trade secret misappropriation under New York common law, (id. ¶¶ 69-73), and copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, et seq., (id. ¶¶ 74-80).

On October 20, 2023, Defendants moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). (See Defs.' Br. at 1.)  Although styled as both a challenge to the jurisdiction of this Court and the adequacy of Plaintiff's complaint, Defendants' brief is concerned exclusively with personal jurisdiction pursuant to Rule 12(b)(2). (See id. at 2 n.1.)

## II. **Applicable Legal Standard**

"Upon motion, the Court is required to dismiss an action against any defendant over whom it lacks personal jurisdiction." Alpha Cap. Anstalt v. Oxysure Sys., Inc., 252 F. Supp. 3d 332, 337 (S.D.N.Y. 2017).  Upon such a motion, the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003).  "Where, as here, a district court in adjudicating a motion pursuant to Federal Rule of Civil Procedure 12(b)(2) relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima facie showing of personal jurisdiction." MTS Logistics, Inc. v. Innovative Commodities Grp., LLC, 442 F. Supp. 3d 738, 746 (S.D.N.Y. 2020) (quotation omitted).  "In deciding whether the plaintiff has met this burden, the pleadings and affidavits must be viewed in the light

most favorable to the plaintiff, with all doubts resolved in its favor." Alpha Cap., 252 F. Supp. 3d at 337.

"In determining whether there is personal jurisdiction, the Court applies a two-part test." MTS Logistics, 442 F. Supp. 3d at 746. "First, the Court must decide whether the personal jurisdiction over [the plaintiff's] claims is supplied by a forum selection clause. If so, the analysis ends there." Id. "[T]o the extent that the forum selection clause does not supply personal jurisdiction over a particular claim or claims, the Court inquires whether there is personal jurisdiction over [Defendants] under principles of New York law . . . ." Id. at 746–47.

### III. **Discussion**

Here, Defendants object to personal jurisdiction on two grounds. First, Defendants argue that the forum section clause does not govern the instant suit and therefore maintain that they "have not consented to this Court's jurisdiction." (Defs.' Br. at 9.) Second, they claim that this Court lacks general and specific jurisdiction under New York law. (See id. at 8–18.) In its opposition, Plaintiff argues only that the "mandatory forum selection clauses apply to Defendants without the need to independently show personal jurisdiction." (Pl.'s Opp'n at 7.) Accordingly, by failing to respond to Defendants' arguments, Plaintiff concedes that general and specific jurisdiction are

lacking, and therefore the maintenance of this suit in New York turns entirely on the enforceability of the forum selection clauses contained in the licensing agreements.

### A. The Forum Selection Clause

"In the Second Circuit, a party seeking to enforce a forum selection clause must demonstrate that: '(1) the clause was reasonably communicated to the party resisting enforcement; (2) the clause was mandatory and not merely permissive; and (3) the claims and parties involved in the suit are subject to the forum selection clause.'" MTS Logistics, 442 F. Supp. 3d at 747 (quoting Tropp v. Corp. of Lloyd's, 385 F. App'x 36, 37 (2d Cir. 2010)). "If all three of these requirements are met, the forum selection clause is presumed enforceable, unless the party opposing enforcement can rebut the presumption by 'making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Id. (quoting Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007)).

The enforceability of a forum selection clause is determined pursuant to federal law. See Martinez v. Bloomberg LP, 740 F.3d 211, 217 (2d Cir. 2014) ("The overriding framework governing the effect of forum selection clauses in federal courts . . . is drawn from federal law."). However, "[i]n answering the interpretive questions posed by parts two and

three of the four-part framework . . . we normally apply the body of law selected in an otherwise valid choice-of-law clause." Id. at 217–18.  Here, the agreements provide that New York law governs, and thus the Court will apply the law of New York to resolve any interpretive questions related to the contracts.  (2014 Agreement ¶ 25; 2015 Agreement ¶ 25.)

There is no real dispute regarding the first two steps of the forum selection clause analysis.  Neither party disputes that the clause was reasonably communicated to Defendants. Likewise, there appears to be little disagreement that the forum selection clause is mandatory.  It provides that "[a]ny action to declare or enforce any rights or obligations under this Agreement shall be brought only before a court of competent jurisdiction in the State of New York, Westchester County."  By incorporating obligatory venue language—i.e., by requiring suit "only" in Westchester County—the parties clearly intended to render the clause mandatory.  See Phillips, 494 F.3d at 386 ("A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language."); Speedfit LLC v. Woodway USA, Inc., 642 F. Supp. 3d 429, 444 (S.D.N.Y. 2022) ("By using the terms 'exclusive' and 'only,' the parties made clear their intention to render the forum selection clause mandatory.").  Thus, the

Court concludes that the first two factors of the forum selection clause analysis are easily satisfied.

The crux of the parties' dispute regards step three, specifically "whether the claims and parties involved in the suit are subject to the forum selection clause." <u>Phillips</u>, 494 F.3d at 383. Defendants argue that the clause does not apply to this suit on three grounds. First, they contend that the forum selection clause is "one-sided" and operates only for claims brought by the licensees against Transient Path. (Defs.' Br. at 9-10.) Second, they argue that even if the licensees consented to jurisdiction, the clause is "narrow" and does not cover Plaintiff's copyright or trade secret claims. (<u>Id.</u> at 10-13.) Finally, they argue that Elevation is not subject to the clause because it is a non-signatory to the license agreements. (<u>Id.</u> at 16.) The Court addresses each objection in turn.

### 1. Mutuality of the Forum Selection Clause

The forum selection clause contained in the licensing agreements provides as follows:

> **27. Venue.** Any action to declare or enforce any rights or obligations under this Agreement shall be brought only before a court of competent jurisdiction in the State of New York, Westchester County. Transient Path hereby consents and submits to the jurisdiction of such courts for such purposes and agrees that any notice, complaint or other legal process delivered to Customer shall constitute adequate notice and service of process for all purposes and

> shall subject Transient Path to the
> jurisdiction of such courts for the purpose
> of adjudicating any matter relating to this
> Agreement.

(2014 Agreement ¶ 27; 2015 Agreement ¶ 27.)

The forum selection clause consists of two components. The first sentence, which provides that "[a]ny action to declare or enforce any rights or obligations under this Agreement shall be brought only before a court of competent jurisdiction in the State of New York, Westchester County" is an obligatory venue provision. Because it obligates suit in a specific venue, it gives the forum selection clause mandatory force, requiring suit in "the State of New York, Westchester County." Phillips, 494 F.3d at 386–87 ("[O]bligatory venue language suffices to give mandatory force to a forum selection clause."). The second sentence, which provides that "Transient Path hereby consents and submits to the jurisdiction of such courts for such purposes" is a consent to jurisdiction clause. A consent to jurisdiction clause "does not specify one forum where all suits must be brought, but rather requires one or both parties to abandon jurisdictional defenses when sued by the other party in certain forums." Signature Fin. LLC v. Neighbors Glob. Holdings, LLC, 281 F. Supp. 3d 438, 447 (S.D.N.Y. 2017). Here, when read in isolation, the second sentence does not require

suit in New York, but requires Transient Path to submit to the jurisdiction of such courts if sued therein by the licensees.

Defendants' first argument concerns the consent to jurisdiction provision contained in the second sentence of the forum selection clause. (See Defs.' Br. at 9-10.) Defendants emphasize that the contract expressly provides that Transient Path submits to jurisdiction in New York but omits a similar consent to jurisdiction provision against the licensees. By including this provision against one party, and by omitting it against the other, Defendants maintain that the drafters intended the provision to operate as a "one-sided consent to jurisdiction" clause, requiring Transient Path to submit to jurisdiction in New York if sued by the licensees, but providing no such consent should Transient Path sue the licensees in New York. (Id. at 10.) As such, they argue that they have not consented to jurisdiction in New York, requiring dismissal for lack of personal jurisdiction.

The Court is unpersuaded by Defendants' argument. Under New York law, the "cardinal principle for the construction and interpretation of . . . all contracts . . . is that the intentions of the parties should control. Unless otherwise indicated, words should be given the meanings ordinarily ascribed to them and absurd results should be avoided." Mastrovincenzo v. City of New York, 435 F.3d 78, 104 (2d Cir.

2006).  By providing that "[a]ny action" arising out of the contract "shall be brought only before a court . . . in the State of New York, Westchester County," the signatories manifested a clear intent to make Westchester County the obligatory venue for all contract disputes.  Limiting the clause to "any action brought by licensees," as Defendants' suggest, contradicts the plain meaning of the contract, which by its terms applies to "any action," whether brought by the licensees or Transient Path.  See Torres v. Walker, 356 F.3d 238, 245 (2d Cir. 2004) ("If a contract is clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself.").

Even if, as Defendants suggest, the two clauses could be said to conflict, the forum selection clause would still require suit in this forum.  Under New York law, the Court is "required to adopt an interpretation of the [contract] that gives meaning to the entire contract and reconciles seemingly conflicting provisions."  Aries Fire Prot., Inc. v. Tutor Perini/Parsons, J.V., No. 21 Civ. 6252, 2022 WL 2292801, at *2 (S.D.N.Y. June 24, 2022).

Here, the consent to jurisdiction clause and the obligatory venue clause are easily reconciled.  The parties agreed to litigate any disputes arising out of their contract exclusively

in Westchester County, and Transient Path expressly submitted to the jurisdiction of such courts. Enforcing the clause to require suit in this venue gives effect to both provisions. Cf. Proyecfin de Venezuela, S.A. v. Banco Indus. de Venezuela, S.A., 760 F.2d 390, 396 (2d Cir. 1985) (construing a contract that contained a "permissive" forum selection clause permitting jurisdiction in Caracas and a "mandatory" clause that required litigation in Caracas and concluding that "no conflict between the provisions would arise if Caracas were selected as the forum for litigation"). Defendants' interpretation exalts the consent to jurisdiction clause at the expense of the obligatory venue clause as, per Defendant's reading, Transient Path is required to sue in another forum despite the contract's clear command that any suit be brought in this forum. As the Court must give effect to the entire contract, the Court will not adopt an interpretation which deprives the parties of their bargained-for venue because one party has also consented to jurisdiction in this forum.

Accordingly, the Court finds that the clause requires all actions arising out of the contract to "be brought only before a court . . . in the State of New York, Westchester County." By its unambiguous terms, the clause binds Transient Path and the licensees alike, and therefore the licensees have consented to the jurisdiction of this Court.

13

### 2. Claims Covered by the Forum Selection Clause

Defendants next argue that the Court lacks personal jurisdiction to adjudicate Plaintiff's copyright and trade secret claims.[4] Specifically, Defendants argue that if they have consented to jurisdiction, their consent extends only to "action[s] to declare or enforce any rights or obligations under this Agreement." They argue that Plaintiff's copyright and trade secret claims arise under federal and state law, not the licensing agreement, and are therefore outside the scope of the clause and this Court's jurisdiction.

"[I]t is settled law in this Circuit that forum selection clauses are to be interpreted broadly and are not restricted to pure breaches of the contracts containing the clauses." Mercer v. Raildreams, Inc., 702 F. Supp. 2d 176, 180 (E.D.N.Y. 2010). "Whether a forum selection clause encompasses other claims depends principally on how broadly the clauses are worded." Cfirstclass Corp. v. Silverjet PLC, 560 F. Supp. 2d 324, 329 (S.D.N.Y. 2008). Here, the forum selection clause is narrow, as it applies only to "action[s] to declare or enforce any rights or obligations under this Agreement." See Prod. Res. Grp., L.L.C. v. Martin Pro., A/S, 907 F. Supp. 2d 401, 412 (S.D.N.Y. 2012) (providing that a "narrow" forum selection clause includes

---

[4] The parties do not dispute that Plaintiff's contract claims are governed by the forum selection clause, and therefore those claims may proceed.

"terms such as 'arise out of,' 'arise from,' or 'arising under'"); Palm Bay Int'l, Inc. v. Winebow Grp., LLC, No. 18 Civ. 1094, 2018 WL 5776266, at *3 (E.D.N.Y. Nov. 1, 2018) (construing forum selection clause encompassing "each controversy that should arise out of the present contract or in its execution" as narrow).

Where, as here, a narrow clause is used, the Court must determine whether a plaintiff's claim "originate[s] from a right or duty under th[e] agreement." Palm Bay, 2018 WL 5776266, at *3; see also Phillips, 494 F.3d at 392 (providing that the inquiry "focus[es] on the source of the rights or duties sought to be enforced by the complaining party"). Where a plaintiff's rights derive from federal or state law, and where the claim can be made "without any reference to the contract," Phillips, 494 F.3d at 392, the claim will be outside the scope of a narrowly drafted forum selection clause.

Applying this standard, the Court concludes that Plaintiff's copyright claim is not covered by the clause. Plaintiff's copyright claim derives from federal law, not the contract, and may be asserted without reference to the contract. In other words, Plaintiff's copyright claim is not an action to "declare or enforce any rights or obligations under [the licensing agreement]," and is accordingly not governed by the forum selection clause. See Phillips, 494 F.3d at 390-92

(dismissing plaintiff's copyright claims as outside the scope of narrow forum selection clause because plaintiff did "not rely on the recording contract to establish his ownership of the relevant copyrights" and could bring his claim "without reference to the contract"); Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A., 572 F.3d 86, 91 (2d Cir. 2009) (same); Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 646 (S.D.N.Y. 2008) (same); Palm Bay, 2018 WL 5776266, at *4 (same).

Plaintiff's trade secret claims require a different result. For Plaintiff to prevail on a claim of trade secret misappropriation under either the DTSA or New York law, Transient Path must show that Defendants used its trade secrets in breach of the licensing agreements. See 18 U.S.C. § 1839(5)-(6) (defining misappropriation under the DTSA as "use of a trade secret of another without express or implied consent by a person who . . . used improper means to acquire knowledge of the trade secret" and defining "improper means" to include "breach . . . of a duty to maintain secrecy"); Better Holdco, Inc. v. Beeline Loans, Inc., 666 F. Supp. 3d 328, 395 (S.D.N.Y. 2023) (providing that a claim for trade secret misappropriation under New York law requires a plaintiff to plead that "(1) it possessed a trade secret, and (2) defendant is using that trade

secret in breach of an agreement, confidence, or duty, or as a result of discovery by improper means").

Accordingly, unlike its copyright claim, Plaintiff can only recover on its trade secret claims by demonstrating that Defendants breached the contract containing the forum selection clause. The contract is therefore the source of the duty Plaintiff seeks to enforce, and thus the forum selection clause governs the claims. See Cfirstclass, 560 F. Supp. 2d at 330 (applying a narrow forum selection clause to tort claims because the claims "rely fundamentally on the terms of the agreements" and "are expressly premised on assertions regarding its rights . . . pursuant to the two agreements"); Anselmo v. Univision Station Grp., Inc., No. 92 Civ. 1471, 1993 WL 17173, at *2 (S.D.N.Y. Jan. 15, 1993) ("A forum selection clause should not be defeated by artful pleading of claims not based on the contract containing the clause if those claims grow out of the contractual relationship, or if 'the gist' of those claims is a breach of that relationship." (quoting Bense v. Interstate Battery System, Inc., 683 F.2d 718, 720 (2d Cir. 1982))).

In sum, the Court dismisses Plaintiff's copyright claim as outside the scope of the forum selection clause. The Court, however, denies Defendants' motion as to Plaintiff's trade secret claims as it finds that these claims arise "under" the agreement.

### 3. Application Against Non-Signatory

Defendants next argue that the Court lacks personal jurisdiction over Elevation because "Elevation is not a signatory to the License Agreements and therefore is not subject to the Venue clause." (Defs.' Br. at 16.) Indeed, Elevation is not a signatory to the licensing agreements, so the Court must determine whether Transient Path may enforce the forum selection clause against the non-signatory Elevation.[5]

"It is well settled that 'the fact that a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause.'" NuMSP, LLC v. St. Etienne, 462 F. Supp. 3d 330, 350 (S.D.N.Y. 2020) (brackets omitted) (quoting Aguas Lenders Recovery Grp. v. Suez, S.A., 585 F.3d 696, 701 (2d Cir. 2009)). To bind a non-signatory to a forum selection clause, the non-signatory must be "closely related" to the signatory of the agreement. Id. "The key inquiry in the 'closely related' analysis is whether 'enforcement of the forum selection clause is foreseeable by virtue of the relationship between the signatory and the party

---

[5] The Court notes that the licensing agreements were made between Transient Path, Stones Gambling, and Seven Mile's predecessor in interest, VC Cardroom, Inc. (See FAC ¶ 22.) Plaintiff alleges, and Defendants do not dispute, that Seven Mile "acquired the 2015 Agreement and assumed the contractual obligation and liability thereunder" when it acquired VC Cardroom in 2017. (Id.) Therefore, the only issue is whether Elevation, as a non-signatory, is bound by the licensing agreements.

sought to be bound.'"  Id. (quoting Yeda Rsch. & Dev. Co. Ltd. v. iCAD, Inc., No. 18 Civ. 8083, 2019 WL 4562409, at *6 (S.D.N.Y. Sept. 5, 2019)).[6]

"Generally speaking, courts have found parties to be so 'closely related' that enforcement of a forum selection clause is 'foreseeable' in two kinds of situations: 'where the non-signatory had an active role in the transaction between the signatories or where the non-signatory had an active role in the company that was the signatory.'"  Affiliated FM Ins. Co. v. Kuehne + Nagel, Inc., 328 F. Supp. 3d 329, 336 (S.D.N.Y. 2018) (quoting Prospect Funding Holdings, LLC v. Vinson, 256 F. Supp. 3d 318, 325 (S.D.N.Y. 2017)).  Further, "even if a non-signatory is not formally affiliated with a contracting party, courts have held that they may be bound by a forum selection clause under the 'close relationship' test when it 'acts in concert' with a signatory to harm the plaintiff in connection with the transaction."  Zanghi v. Ritella, No. 19 Civ. 5830, 2021 WL 4392756, at *5 (S.D.N.Y. Sept. 24, 2021) (brackets omitted) (quoting Weingard v. Telepathy, Inc., No. 05 Civ. 2024, 2005 WL 2990645, at *6 (S.D.N.Y. Nov. 7, 2005)).

---

[6] Contrary to Defendants' contention, the Second Circuit embraces the "closely related" standard in situations, such as this, where a signatory seeks to bind a non-signatory who is closely related to the dispute or another signatory.  See Fasano v. Li, 47 F.4th 91, 103 (2d Cir. 2022).

Here, Plaintiff adequately alleges that Elevation has a sufficiently close nexus to the dispute and to the signatory Defendants such that it is foreseeable that Elevation would be bound by the clause.  The FAC alleges that Elevation played an active role in managing Seven Mile and Stones Gambling and actively participated in the performance of the licensing agreements.  (See FAC ¶ 24.)  For example, the FAC alleges that when Transient Path sent e-mails to Seven Mile and Stones Gambling "personnel from Elevation replied," that "instruments with Stones Gambling or Seven Mile were executed by Elevation's officers," that "[p]ayments to Transient Path were originated from and confirmed by Elevation," and that when "Transient Path raised disputes regarding Stones Gambling and Seven Mile, Elevation responded."  (Id.)  Moreover, the FAC alleges that Elevation launched software "that copied Transient Path's software and misappropriated Transient Path's source code" for the benefit of Seven Mile and Stones Gambling.  (Id. ¶ 29.)  As Elevation participated in the operation of the signatory Defendants, facilitated the transaction between the signatories, and because it allegedly acted in concert with the signatory Defendants to harm Plaintiff, it is entirely foreseeable that Elevation would be bound by the forum selection clause.

Accordingly, the Court denies Defendants' motion to dismiss Elevation from this action for lack of personal jurisdiction.

As Elevation was allegedly closely related to the signatory
Defendants, it is equally bound by the forum selection clause
and has therefore consented to the jurisdiction of this Court.

### 4. Enforceability of the Forum Selection Clause

"Because the forum selection clause was reasonably
communicated to [Defendants], is mandatory, and covers
Plaintiff[']s claims, it is presumptively enforceable."
Speedfit, 642 F. Supp. 3d at 444. "The fourth, and final, step
is to ascertain whether the resisting party has rebutted the
presumption of enforceability by making a sufficiently strong
showing that 'enforcement would be unreasonable or unjust, or
that the clause was invalid for such reasons as fraud or
overreaching.'" Phillips, 494 F.3d at 383-84 (quoting M/S
Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).

Defendants first argue that enforcement of the clause would
be unreasonable because Transient Path "breached the Venue
clause by bringing this in the Southern District of New York and
designating 'Manhattan' rather than 'White Plains' as the
courthouse to which the case should be assigned." (Defs.' Br.
at 12.) The Court is unpersuaded. Venue is proper here because
the parties agreed to litigate any disputes "before a court of
competent jurisdiction in the State of New York, Westchester
County." Although this Court is not located in Westchester
County, it has jurisdiction over Westchester County, and is

therefore within the ambit of the clause. See 28 U.S.C. § 112(b) (providing that the Southern District includes Westchester County); see also TileBar v. Glazzio Tiles, No. 22 Civ. 3823, 2024 WL 1186567, at *7–*8 (E.D.N.Y. Mar. 15, 2024) (interpreting forum selection clause to encompass "federal courts with jurisdiction over Nassau County," although the federal court is not located in Nassau County); Androb Jewelry Serv., Inc. v. Malca-Amit USA, LLC, No. 16 Civ. 5171, 2017 WL 4712422, at *4 (S.D.N.Y. Sept. 25, 2017) (same).[7]

Defendants further argue that enforcing the forum selection clause would be unreasonable because the "clause is so confusingly written." (Defs.' Reply at 9.) This is simply a repackaging of Defendants' previous argument that the clause is non-mutual and applies only against Transient Path. As previously discussed, the clause is broadly written to encompass

---

[7] Even were the Court persuaded by Defendants' argument, the appropriate remedy is transfer pursuant to 28 U.S.C. ¶ 1404(a), not dismissal under Rule 12(b). See Martinez, 740 F.3d at 216 ("The Supreme Court recently . . . held that generally 'the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens,' rather than Rule 12(b)." (quoting Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas, 571 U.S. 49, 60 (2013))). As Defendants have made no such motion, the Court will not sua sponte consider whether transfer would be appropriate here. See Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 (2d Cir. 1966) ("Since the right to attack venue is personal to the parties and waivable at will, a district judge should not, in the absence of extraordinary circumstances, impose his choice of forum upon the parties by deciding on his own motion that there was a lack of proper venue.").

"any action," thus it is not unreasonable to enforce the clause against Defendants.[8]

Defendants make no other arguments "to rebut the presumption of enforceability based on fraud, overreaching, or public policy concerns." Zanghi, 2021 WL 4392756, at *6. As such they have failed to satisfy their "heavy burden . . . to overcome the presumption of validity from which these clauses benefit." Zurich Ins. Co. v. Prime, Inc., 419 F. Supp. 2d 384, 387 (S.D.N.Y. 2005).

Accordingly, the Court finds that Defendants have consented to personal jurisdiction in this Court by virtue of the forum selection clause. The clause was reasonably communicated to Defendants, is mandatory, and save for Plaintiff's copyright claim, covers the claims and parties in this action. As such, the clause is presumptively enforceable, and Defendants have failed to offer any compelling reasons to resist its enforcement. Thus, the Court denies Defendants motion to dismiss this action for lack of personal jurisdiction.

---

[8] Plaintiff moved to strike this portion of Defendants' Reply, arguing that Defendants improperly raised this issue for the first time in their reply brief. (See Pl.'s Letter Mot. to Strike, dated Nov. 14, 2023 [dkt. no. 30].) As the Court finds Defendants' argument to be without merit, it dismisses Plaintiff's motion to strike as moot.

**B. Capacity to Sue Under N.Y. Bus. Corp. Law § 1312(a)**

Defendants' final argument in support of dismissal is that Transient Path lacks capacity to sue under New York Business Corporation Law § 1312(a). They argue that Transient Path is a foreign corporation doing business in New York that has failed to register with the New York State Division of Corporations. As such, they claim section 1312(a) precludes Transient Path from maintaining this action in New York.

Section 1312(a) provides:

> A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute, as defined in section eighteen hundred of such law, as well as penalties and interest charges related thereto, accrued against the corporation.

N.Y. Bus. Corp. Law § 1312(a). The statute "also precludes an unauthorized foreign corporation from maintaining an action in a federal court located in New York." New Asia Enters. Ltd. v. Fabrique, Ltd., No. 13 Civ. 5271, 2014 WL 3950901, at *6 (S.D.N.Y. Aug. 13, 2014).

The critical issue here is whether Transient Path is "doing business" in New York within the meaning of section 1312(a). "For the purposes of section 1312, a corporation is presumed to be doing business where it is incorporated and not New York."

Id.    "Where a defendant asserts that a foreign corporate plaintiff is 'doing business' in New York, as is the case here, the defendant has the burden of proving it." Posadas de Mexico, S.A. de C.V. v. Dukes, 757 F. Supp. 297, 301 (S.D.N.Y. 1991) (footnote omitted).    To make this showing, Defendants must demonstrate that Transient Path engages in "'permanent, continuous, and regular' intrastate business activity in New York." New Asia, 2014 WL 3950901, at *6 (quoting Netherlands Shipmortgage Corp. v. Madias, 717 F.2d 731, 736 (2d Cir. 1983)). Occasional or incidental contacts with New York will not impair a plaintiff's capacity to bring suit in the state.    See Netherlands, 717 F.2d at 736 ("To come within this section, the foreign corporation must do more than make a single contract, engage in an isolated piece of business, or an occasional undertaking; it must maintain and carry on business with some continuity of act and purpose.")

Here, Transient Path is presumed to be doing business in Wyoming, where it is incorporated.    To rebut this presumption, Defendants argue that Transient Path does business in New York because it "conducted the relevant 'management of licensed casino management software from' New York." (Defs.' Reply at 10 (quoting FAC at ¶ 14).)    This allegation does nothing to demonstrate that Transient Path is engaged in "permanent, continuous, and regular" intrastate activity. Netherlands, 717

F.2d at 736.    At most, Defendants have demonstrated that Transient Path has engaged in an isolated business activity in New York in order to furnish services in California, which is insufficient to preclude suit under section 1312(a).   See <u>Digit.</u> <u>Ctr., S.L. v. Apple Indus., Inc.,</u> 942 N.Y.S.2d 488, 490 (App. Div. 2012) ("[I]t is well established that the solicitation of business and facilitation of the sale and delivery of merchandise incidental to business in interstate and/or international commerce is typically not the type of activity that constitutes doing business in the state within the contemplation of § 1312(a).").

Accordingly, as Defendants have not shown that Transient Path is "doing business" in New York within the meaning of section 1312(a), the Court denies their motion to dismiss this action pursuant to the statute.

## IV.   <u>Conclusion</u>

For the foregoing reasons, Defendants' motion to dismiss for lack of personal jurisdiction, (dkt. no. 24), is GRANTED in part and DENIED in part as follows.   Defendants' motion to dismiss Plaintiff's copyright claim (Count V) is granted.   In all other respects, Defendants' motion is denied.   The Clerk of the Court is respectfully directed to terminate the motions at dkt. nos. 15, 24, and 30.

**SO ORDERED.**

Dated:      August 8, 2024
            New York, New York

_____

LORETTA A. PRESKA
Senior United States District Judge